# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AARON BURDEN, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 22-cv-00046 |
| CITY OF CHICAGO, a municipal ) | |
| corporation; Officer ALBERT TORRES, ) | Honorable Judge John Z. Lee |
| Star #13067; Officer MOHAMMAD ) | |
| BAKER., Star #19740; Officer ANDREW ) | Honorable Magistrate Judge Young B. |
| KATS, Star #17577; Officer ANGELO ) | Kim |
| DICERA Star #14902; and J. DOE ) | |
| OFFICERS 1-5. ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT OFFICERS, ALBERT TORRES, MOHAMMAD BAKER, ANDREW KATS AND ANGELO DICERA'S, PARTIAL MOTION TO DISMISS**

Defendant Officers Albert Torres, Mohammad Baker, Andrew Kats, and Angelo Dicera ("Defendant Officers"), by and through one of their attorneys, Michael Bradtke, Assistant Corporation Counsel for the City of Chicago, pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Counts IV, V, VII, and VIII of Plaintiff's Complaint, for failure to state a claim.

**INTRODUCTION[1]**

Plaintiff, Aaron Burden, ("Plaintiff"), filed the instant lawsuit on January 4, 2022 against the City of Chicago and named Defendant Officers[2]. (Dkt. 1.) He brings, among other claims, an

---

[1] All facts are taken in the light most favorable to Plaintiff for the purposes of this motion only. Defendant Officers reserve the right to contest Plaintiff's allegations for all other purposes.

[2] "J. Doe" is not a proper party and Defendant Officers make no argument on these unidentified officers' behalf. *See Sassi v. Breier,* 584 F.2d 234, 235 (7th Cir. 1978)("We do not consider that the naming of a "John Doe" defendant in the complaint tolls the statute of limitations until such time as a named defendant may be substituted.");*Todd v. Lake County Sheriff's Dept.*, 2013 WL 2156470 at *3-4 (N.D. Ind., May 17, 2013)("A plaintiff cannot, 'after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading.'")(citing *Jackson v. Kotter,* 541 F.3d 688, 696 (7th Cir. 2008); *see also Bogseth v. Emanuel,* 166 Ill.2d

1

equal protection claim, a failure to intervene claim, an assault and battery claim based on a continuing tort theory, and an intentional infliction of emotional distress ("IIED") claim. (Dkt. 1). All of these claims are based on interactions with police, including non-defendant officers, since 2017. (Dkt. 1 at ¶¶ 11, 15-41).

Defendant Officers now move to dismiss these claims to the extent Plaintiff seeks liability or damages on any "continuing tort" theory as Plaintiff has missed the statute of limitations as to the May 28, 2020 incident, the Defendant Officers cannot be held liable for other officers conduct, and assault, battery and IIED are not "continuing torts." Further, Plaintiff plainly fails to state a claim under the Equal Protection Clause or for failure to intervene under Federal Rules of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When weighing a Rule 12(b)(6) motion, the court must accept all "factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *see also Ashcroft v. Iqbal*, 550 U.S. 544, 570 (2009). However, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at

---

507, 508, 655 N.E.2d 888, 891 (1995)("Illinois courts have historically and uniformly held that suits brought against fictitious parties are void ab initio. (citing *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 54, 10 N.E.2d 393 (1937)).

555. "This is so because "[a]lthough for the purposes of [a] motion to dismiss [a court] must take all the factual allegations in the complaint as true, [the court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011)( A complaint need not include detailed factual allegations, but it must do more than "rely on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action.")(internal citations omitted); *McCauley v. City of Chicago*, 671 F.3d 611 (N.D. Ill., Oct. 20, 2011)( While well-pled facts are accepted as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth," and furthermore are not sufficient to defeat a Rule 12(b)(6) motion to dismiss.)

Furthermore, "normally a limitations defense must be pleaded in an answer, but a district court may dismiss a claim under Rule 12(b)(6) as untimely if the complaint reveals that the claim is unquestionably untimely." *Thompson v. City of Chicago Board of Education*, 14 CV 6340, 2016 WL 362375, at *8 (N.D. Ill. January 29, 2016) (J. Lee) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)); *see also Logan v. Wilkins*, 644 F. 3d 577, 582 (7th Cir. 2011)(When allegations of complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.)

## ARGUMENT

Plaintiff's state law claims are barred by the statute of limitations, the Illinois Tort Immunity Act, and to the extent he attempts to hold the Defendant Officers liable under a "continuing tort theory," he fails to state a claim. Further, Plaintiff's complaint plainly fails to state a cause of action under the Equal Protection Clause or for failure to intervene.

I.  **PLAINTIFF'S STATE LAW CLAIMS FAIL.**

A. <u>Plaintiff's State Law Claims against Officers Torres and Baker are Time Barred.</u>

Plaintiff alleges he was physically assaulted, handcuffed too tightly and wrongly detained by Officers Torres and Baker on May 28, 2020. (Dkt. 1 at ¶¶29-31). He alleges that their conduct constituted "unjustified, unreasonable and offensive physical contact" against Plaintiff. (*Id.* at ¶ 133). In addition, Plaintiff alleges that by unreasonably detaining and using excessive force against him, these officers caused him "severe emotional distress . . ." (*Id.* at ¶¶ 145-146).

The limitations period for state law claims against a government entity and its employees is one year. 745 ILCS 10/8-101; *Evans v. City of Chicago*, 434 F.3d 916, 934 (*Williams v. Lampe*, 399 F. 3d 867, 870 (7th Cir. 2005). The purpose behind the doctrine of the statute of limitations is so defendants are afforded notice of the claims brought against them within a reasonable time. *See Olech v. Village of Willowbrook*, 138 F. Supp.2d. 1036, 1041 (N.D. Ill., Dec. 2000). Under Illinois law, a claim for assault and battery accrues at the moment of injury. *Haynes v. City of Chi.*, No. 07-CV-2231, 2008 WL 1924891, at *2 (N.D. Ill. Apr. 29, 2008); *Slabon v. Sanchez*, 2021 WL 4146909, at * 20 (N.D. Ill., Sept. 13, 2021). Further, claims for intentional infliction of emotional distress arising out of a seizure accrue on the date of the seizure. *See Bridewell v. Eberlie*, 730 F.3d 672, 678 (7th Cir. 2013)(emphasis added).

Here, Plaintiff's claims that the assault and battery of his person by Officers Torres and Baker took place on May 28, 2020. (Dkt. 1 at ¶¶29-31). Therefore, in order for his complaint to be timely, Plaintiff would have had to bring his complaint no later than May 28, 2021. *See Slabon*, 2021 WL 4146909, at * 20. Further, Plaintiff's brief detention and the alleged physical assault of his person occurred on May 28, 2021; thus any IIED claim Plaintiff is attempting to bring against Officers Torres and Baker accrued immediately – on May 28, 2021. (Dkt. 1 at ¶¶29-31); *see Bridewell*, 730 F.3d at 678. However, Plaintiff did not file his complaint under January 4, 2022,

over 7 months after the statute of limitations ran for these claims. Therefore, Plaintiff's Count VII and VIII against Officers Torres and Baker is plainly time barred and should be dismissed with prejudice.

    B.  <u>Assault and Battery and IIED are not Continuing Torts.</u>

Plaintiff seems to concede his state law claims are time barred, but attempts to get around the statute of limitations by maintaining that these offenses were continuing torts. (*See* Dkt. 1, Count VII (labeled "Continuing Tort;"); *Id*. at ¶¶ 136- 137; *Id*. at Count VIII (labeled "Continuing Tort"): *Id*. at ¶¶ 142-143).

However, this is directly contradictory to well established law. Assault and battery and IIED are not continuing torts in Illinois in the context of the incident that took place on May 28, 2020. *See Feltmeir v. Felmeier*, 207 Ill. 2d 263, 798 N.E.2d 75, 85 (2003)("Where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury."); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

In *Village of DePue, Ill. v. Viacom Intern, Inc*., the Court denied Plaintiff's claim that the continuing tort doctrine should apply to his case. 713 F. Supp.2d 774, 779 (C.D. Ill., May 12, 2010). In so holding, the Court distinguished the difference between continuing unlawful acts and conduct versus continual "ill effects from an initial violation." *Id*. (citing *Feltmeier*, 207 Ill.2d at 278)(citing *Pavlik v. Kornhaber*, 326 Ill.App.3d 731, 260 Ill. Dec. 331, 761 N.E.2d 175, 186–87 (2001)); *Bank of Ravenswood v. City of Chicago*, 307 Ill.App.3d 161, 240 Ill. Dec. 385, 717 N.E.2d 478, 484 (1999); *Hyon Waste Mgmt. Serv., Inc. v. City of Chicago*, 214 Ill.App.3d 757, 158 Ill. Dec. 335, 574 N.E.2d 129, 133 (1991)). Indeed the court opined that, "[i]n cases where the tortious activity ceased at a certain date, the courts do not apply the continuing tort doctrine because to do

so would be 'to confuse the concept of a continuing tort with that of a continuing injury.'")(citing *Powell v. City of Danville*, 253 Ill.App.3d 667, 192 Ill.Dec. 675, 625 N.E.2d 830, 831 (1993)).

In addition, in *Bridewell*, the court specifically rejected Bridewell's argument that her claim accrued anew everyday detectives did not tell prosecutors to dismiss the indictment. *Bridewell*, 730 F.3d at 678. Specifically the Seventh Circuit held that intentional infliction of emotional distress was not a continuing wrong, and further stated that "the idea that failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois law – or in federal law either." *Id*. at 678. Furthermore, Bridewell also failed to show a freshly formed intention to cause emotional distress after her prosecution began. *Id*. at. 678.

Here, the last (and only) "tortious activity" Officers Baker and Torres were involved in, occurred on May 28, 2020. (Dkt. 1 at ¶¶ 29-31). Plaintiff ***cannot, and does not,*** allege that Officers Baker and Torres were involved in any of the prior or subsequent incidents listed in his complaint. (Dkt. 1, *generally*). Therefore, the doctrine of continuing tort does not apply to these claims, and these claims are time barred as noted above.

Similarly, to the extent Plaintiff brings these claims solely on the basis of a continuing tort theory against Officers Kats and Dicera, so too must the claims be dismissed for failing to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff claims Officers Kats and Dicera used excessive force against him, handcuffed him too tightly, and wrongfully detained him on January 5, 2021. (Dkt. 1 at ¶¶ 33-38). However, Plaintiff's "theory" of recovery for assault and battery and IIED rests on the idea of a "continuing tort," which simply does not exist for these claims. (Dkt. 1 at Count VII, VIII); *see Feltmeir*, 207 Ill. 2d 263, 798 N.E.2d at 85; Brooks, 578 F.3d at 579; *Village of DePue, Ill*., 713 F. Supp.2d at 779; *Bridewell*, 730 F.3d at 678. Indeed, once again, Plaintiff ***does not, and cannot***, allege that Officers Kats and Dicera were involved in any incidents prior or subsequent to

6

January 5, 2021. (Dkt. 1, *generally*). Therefore, as Plaintiff has plainly failed to state a claim upon which relief can be granted for assault and battery and IIED, these claims should be dismissed with prejudice.

    C.  <u>Defendant Officers cannot be held liable for others conduct under the Illinois Tort Immunity Act.</u>

Plaintiff further in attempting to advance his "continuing tort" theory seeks to hold the Defendant Officers liable for conduct for which they were not present for and did not participate in. (Dkt. 1, *generally*).

However, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. In *Thomas v. Sheahan*, the court granted summary judgment in favor of supervisory defendant correctional officers on the plaintiff's state law claims. 499 F.Supp.2d 1062,1100 (N.D. Ill., Aug. 15, 2007). Specifically, the court held that the plaintiff's state law claims were barred because the plaintiff failed to present any evidence that the supervisory defendants were involved in the alleged deprivation of Smith's constitutional rights. *Id.*

In this case, the Defendant Officers are public employees, who at all times material to the events alleged in Plaintiff's Complaint, acted within the scope of their employment. (Dkt. 1 at ¶¶ 6, 7, 8). Again, Plaintiff **has not, and cannot,** pled a single fact that the Defendant Officers were involved in any incident, other than the ones they were specifically named in – Officers Torres and Baker on May 28, 2020 and Officers Kats and Dicera on January 5, 2021. (Dkt. 1 at ¶¶29-31; ¶¶ 33-38). They therefore cannot be held liable for Plaintiff's state law claims of assault and battery and IIED for the acts of other unnamed or unidentified officers that occurred on dates prior to or subsequent to these interactions. *See* 745 ILCS 10/2-204; *Means v. City of Chicago*, 535 F.Supp. 455, 465 (N.D. Ill., Mar. 1, 1982); *Thomas*, 499 F.Supp.2d at 1100. As the Defendant Officers are

entitled to immunity from acts or omissions of other officers, Plaintiff's assault and battery and IIED claims must be dismissed.

**II. PLAINTIFF'S EQUAL PROTECTION CLAIM IS INSUFFICIENTLY PLED.**

Plaintiff's equal protection claim consists of blanket legal conclusions with no factual basis. Generally, equal protection claims involve charges of singling out members of a vulnerable group for unequal treatment or allegations that a law or policy makes irrational distinctions between groups of people. See *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004).

A. <u>Plaintiff has failed to pled facts to make a *prima facie* showing of discriminatory profiling based on race.</u>

At the outset, it is important to note that it is unclear if Plaintiff is attempting to pursue a class of one claim, or a claim based on discriminatory profiling. Regardless, his claim must fail.

First, Plaintiff argues that Plaintiff is Black and repeatedly targeted based on the Defendant Officers' racial animus and racial profiling. (Dkt 1 at ¶¶ 104-105). He further claims that the Defendant Officers intended to treat him differently based on his race and religion, and that the Defendant Officers, "treat Black individuals differently than White individuals." (Dkt. 1 at ¶¶ 107, 108). These statements amount to nothing more than mere legal conclusions, as Plaintiff has failed to plead any facts whatsoever, to establish a prima facie showing of discriminatory profiling.

To make an equal protection claim in the profiling context, Plaintiff must show that Defendant's actions (1) had a discriminatory effect; and (2) were motivated by a discriminatory purpose.[3] *Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264–66, 97 S.Ct. 555,

---

[3] It should be noted that to the extent Plaintiff is seeking to hold the Defendant Officers liable for conduct they did not participate in, nor were present for, such a theory of relief is not viable against them. Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

50 L.Ed.2d 450 (1977) (race discrimination); *Chavez v. Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir.2001) (racial profiling); *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 272–74, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (gender discrimination). To show discriminatory effect, plaintiffs must show "that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that [they] were treated differently from members of the unprotected class." *Chavez*, 251 F.3d at 635 (internal citations omitted). In order to show discriminatory intent, Plaintiff must show that the "decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of' . . . its adverse effects upon an identifiable group.'" *Id*. at 645 (internal citations omitted).

While Plaintiff may argue that this Court must take the allegations contained in his complaint as true, this tenant is inapplicable to legal conclusions. *See McCauley*, 671 F.3d 611. Ultimately, Plaintiff must plead facts that prove that the Defendant Officers approached him because of his race, gender or age. *See Chavez*, 251 F.3d at 635-36.

The Northern District has dismissed similarly pled equal protection claims. In *Chriswell v. Village of Oak Lawn*, the plaintiff alleged that "the color of her skin prompted [the defendants] to pull her over." 11 C 00547, 2013 WL 5903417, at *11 (N.D. Ill., Nov. 4, 2013). The court found that this allegation was conclusory and stated that the plaintiff had failed to allege facts that would plausibly support that inference. *Chriswell*, 2013 WL 5903417, at *11. In *Chriswell*, plaintiff identified three incidents in which she had been pulled over by the police for what she alleged were discriminatory purposes. *Id*. at *1, 11. Even in accepting the factual allegations contained in plaintiff's complaint as true, the court found that plaintiff's failure to "name similarly situated individuals of other races who were not stopped by [Oak Lawn] police under similar conditions or

9

offer any statistical evidence that would permit a plausible inference of discriminatory effect," fatal to her equal protection claim. *Id*.

Similar to the plaintiff in *Chriswell*, Plaintiff herein fails to identify any similarly situated individuals of other races who were not stopped by the Defendant Officers under similar conditions. (Dkt. 1, generally). Therefore, while Plaintiff concludes that he was stopped by the Defendant Officers based upon discriminatory motives related to his race, he fails to offer factual allegations which would support this conclusion; thereby causing a deficiency in his pleadings. As in *Chriswell*, this is fatal to his equal protection claim, and the same must be dismissed. *Chriswell*, 2013 WL 5903417, at *11.

    B. <u>Plaintiff's Class of One Claim Fails; as he does not Sufficiently Allege Similarly Situated People were Treated Differently.</u>

Although rare and difficult to prove, a plaintiff may bring an equal protection claim as a class of one. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on a class-of-one equal protection claim, Plaintiff must prove (1) he has been "intentionally treated differently from others similarly situated," and (2) "there is no rational basis for the difference in treatment." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008) (quoting *Village of Willowbrook*, 528 U.S. at 564). Plaintiff fails to establish similarly situated people were treated differently, and her claim must fail.

To be similarly situated, individuals "must be identical or directly comparable in all material aspects." *Chicago Studio Rental, Inc. v. Ill. Dep't of Commerce*, 940 F.3d 971, 980 (7th Cir. 2019). Plaintiff must "show that [he] was treated different than another [person] that is *prima facie* identical in all relevant respects." *Id*. "Although this is not a precise formula, it is nonetheless clear that similarly situated individuals must be very similar indeed." *United States v. Moore*, 543 F.3d 891, 896-97 (7th Cir.2008).

10

In *Hanes v. Zurick*, 578 F.3d 491, 492 (7th Cir.2009), one of two feuding neighbors alleged that regardless of who called the police, officers always showed up and arrested the plaintiff because they did not like him. The plaintiff had been arrested at least eight times; his neighbor, never. *Id*. The Seventh Circuit held that the plaintiff stated a claim under a class-of-one theory. *Id*. at 496. In *Ciechon v. City of Chicago*, 686 F.2d 511, 515–16 (7th Cir.1982), paramedics responded to a 9–1–1 call and treated a victim who later died. After the victim's family publicly criticized the manner in which the situation was handled, one of the paramedics was suspended and fired. *Id*. at 516. The other paramedic who responded to the call was equally responsible for patient assessment and treatment and suffered no consequences. *Id*. at 522–23. The Seventh Circuit affirmed the district court's grant of summary judgment for the plaintiff, holding that "[t]here was no possible justification for treating [the similarly situated paramedics] differently." *Id*. at 523. In both of those cases, the discriminatory nature of the plaintiffs' claims could be ascertained by comparing the plaintiffs to similarly situated individuals who were treated more favorably.

Without such a comparison, the requisite allegations of discrimination are lacking. In *Bell v. Duperrault*, 367 F.3d 703 (7th Cir.2004), a landowner made a request to the Wisconsin Department of Natural Resources to extend his pier. The Department denied his request and required him to pursue the process through an administrative hearing. *Id*. at 705-706. The Seventh Circuit affirmed entry of summary judgment for the department because the landowner failed to show that anyone whose petition was granted was similarly situated in terms of the content and timing of their requests. *Id*. at 707. In *McDonald v. Village Winnetka*, 371 F.3d 992 (7th Cir. 2004), the plaintiff's house caught fire twice within two days. *Id.* at 994–96. After an investigation was conducted, the village attributed the second fire to arson. *Id*. at 998. The plaintiff claimed that the village discriminated against him by not ruling out all non-arson causes before making an arson

determination. *Id*. at 1003. Among other things, the Seventh Circuit held that the plaintiff presented no evidence of any other fire for which evidence of arson was as strong or for which evidence of a non-arson cause was of similar or lesser weight and, thus, no evidence of similarly situated persons. *Id*. at 1005–06.

Although *Bell* and *McDonald* were decided on motions for summary judgment, the rationale in those decisions is instructive. Plaintiff's claim here does not fail for lack of proof. Rather, it fails for lack of sufficient allegations to raise the possibility that Plaintiff has any comparators who are "*prima facie* identical in all relevant respects." *See Moore*, 543 F.3d at 895-96. In short, Plaintiff has failed to adequately plead the comparators that the plaintiffs in *Bell* and *McDonald* pled but failed to prove.

Plaintiff's Complaint contains no allegations of similarly situated people. Plaintiff, instead, makes very conclusory allegations that White individuals are not profiled and stopped without probable cause; and that the Defendant Officers treat Black individuals differently than White individuals. (Dkt. 1 at ¶¶ 106, 108). Plaintiff cannot satisfy a class of one claim by broadly comparing himself to individuals of a different race without demonstrating how these individuals somehow are similarly situated. These allegations further are nothing more than inadequate, "abstract recitations of the elements of a cause of action or conclusory legal statements" that the *Brooks* court held to be unacceptable. *See Brooks*, 578 F.3d at 581. Although Plaintiff does not explicitly identify this alleged group of "similarly situated individuals," he presumably seeks to compare himself to individuals who were not stopped by police. This purported class of comparators is infinite.

Similar complaints have been dismissed for failing to plead the "similarly situated" requirement with requisite specificity. *See Austin v. Varga*, 2011 WL 3841826, at *5 (N.D. Ill.

Aug. 25, 2011) (dismissing an equal protection claim for failing to plead that Plaintiff has comparators who are "*prima facie*" identical in all relevant respects where Plaintiff's group of similarly situated individuals would include every person who was not arrested based on false witness statements and every individual from whom exculpatory evidence was not withheld by the defendants); *Muczynski v. Lieblick*, 769 F. Supp. 2d 1129, 1136–37 (N.D. Ill. 2011) (dismissing a complaint as insufficiently pled where Plaintiff's group of similarly situated persons would include all people who were peacefully enjoying the security of their home who were not arrested on false charges).

The Seventh Circuit has explained that the requirement to allege and prove that "similarly situated" persons were treated differently is necessary to prevent class-of-one claims from constitutionalizing all tort law:

> The reason that there is a "similarly situated" requirement in the first place is that at their heart, equal protection claims, even "class of one" claims, are basically claims of discrimination. Even if McDonald was wronged here, we do not believe that he has shown the wrong to be discriminatory in nature. Every time an actor commits a tort, he may be treating the victim differently than he frequently treats others, simply because tortious conduct is by nature a departure from some norm. Nonetheless, the purpose of entertaining a "class of one" equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case. Therefore, we believe a meaningful application of the "similarly situated" requirement is important to avoiding a distortion of the scope of protection in "class of one" equal protection claims.

*McDonald*, 371 F.3d at 1009.

The reasoning of *McDonald* is persuasive. If Plaintiff's allegations here are held to be sufficient to state an equal protection claim, then a vast number of intentional torts by state actors would also be the basis of such claims. Plaintiff's theory of class-of-one equal-protection claims would allow a plaintiff to satisfy the discrimination requirement simply by alleging that other law-abiding persons were not subject to unlawful treatment. If such allegations were sufficient, the

scope of class-of-one claims would be distorted to include almost any intentional tort committed by a state actor. An officer who arrests someone without probable cause or uses unreasonable force on an arrestee is certainly treating the victim differently than persons who have not been subject to false arrest or excessive force; and, almost by definition, those illegal acts are undertaken without a rational basis in the law. Class-of-one equal-protection claims must be limited to those in which the plaintiff pleads, with requisite specificity, that similarly situated persons were not subject to the specific conduct of which the plaintiff complains. Because Plaintiff has failed to do so, the Court should dismiss this claim.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO INTERVENE.

Finally, Plaintiff fails to state a claim for failure to intervene, as Plaintiff does not plead any facts in support of his allegations, only mere conclusory statements. (Dkt. 1, at Count V.)

For an officer to be liable for their failure to intervene, they must have "reason to know: . . . that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (emphasis in original) (internal citations omitted). For there to be a basis for a failure to intervene claim, there must also thus be an underlying constitutional violation. *See Fillmore v. Page,* 358 F.3d 496 (7th Cir. 2004). Further, absent any evidence or allegation establishing a cognizable claim for excessive force, the plaintiff cannot establish bystander liability for a failure to intervene. *Harper v. Albert,* 400 F.3d 1052, 1066 (7th Cir. 2005) (internal citations omitted).

Plaintiff's complaint is void of any facts whatsoever in support of any of the Defendant Officers being present for any incidents other than the May 28, 2020 and January 5, 2017

incidents[4], nor facts in support of any reasonable opportunity to prevent his unreasonable seizure and/or any use of excessive force. *(*Dkt. 1, *generally).* He simply alleges that the Defendant Officers had a reasonable opportunity to intervene and prevent the "unreasonable detentions and unreasonable uses of force against him;" and that Defendant Officers failed to take even the most basic action to stop the violations of Plaintiff's body and rights." (Dkt. 1 at ¶ 115). As stated above, such conclusory allegations are not entitled to the presumption of truth. *McCauley*, 671 F.3d 611.

Taken at face value, Plaintiff's Complaint alleges <u>each</u> Defendant Officer *participated* in the specific incidents which he complains of (on May 28, 2020 and January 5, 2021, respectively), and does not mention or otherwise allege their involvement in any other incident. (Dkt. 1, *generally*). It is hard to fathom how an officer can both partake in the constitutional violation, but at the same time, also have the opportunity to stop others from engaging in these same violations. They therefore cannot be liable for inaction during these incidents, if they allegedly partook in the action. (Dkt. 1, *generally).* Further, Plaintiff's Complaint is devoid of any allegation of the timing of the alleged uses of force, the location or proximity of the officers at the time of such alleged use of force, or any other fact which would allow this Court to infer that the individual defendants had a reasonable opportunity to intervene against one another. (Dkt. 1, *generally*). As Plaintiff's allegations in his Failure to Intervene claim are merely conclusory, this Count V must be dismissed.

---

[4] To the extent Plaintiff's Failure to Intervene claim rests on any claims prior to January 4, 2020, those claims would be time barred. The statute of limitations for Section 1983 actions brought in the state of Illinois is two years. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *see also* 735 ILCS 5/13-202.

## CONCLUSION

For the foregoing reasons, the Defendant Officers respectfully request that this Court grant their Partial Motion to Dismiss as to Defendant Officers Albert Torres, Mohammad Baker, Andrew Kats, and Angelo Dicera.

DATED: April 19, 2022,                        Respectfully submitted,

                                             BY:     */s/ Michael J. Bradtke*
                                                           Michael J. Bradtke
                                                           Assistant Corporation Counsel

Allison L. Romelfanger, Assistant Corporation Counsel Supervisor
Emily R. Bammel, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312)744-9031

## CERTIFICATE OF SERVICE

I certify that on April 19, 2022, I served the foregoing upon all counsel of record by filing it using the Clerk's CM/ECF System.

                                                                   */s/ Emily R. Bammel*