**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON BURDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 22-cv-00046 |
| CITY OF CHICAGO, a municipal ) | |
| corporation; Officer ALBERT TORRES, ) | Honorable Judge John Z. Lee |
| Star #13067; Officer MOHAMMAD ) | |
| BAKER., Star #19740; Officer ANDREW ) | Honorable Magistrate Judge Young B. |
| KATS, Star #17577; Officer ANGELO ) | Kim |
| DICERA Star #14902; and J. DOE ) | |
| OFFICERS 1-5. ) | |
| ) | |
| Defendants. | |

**DEFENDANTS' JOINT MOTION TO BIFURCATE
PLAINTIFF'S *MONELL* CLAIM AND TO STAY *MONELL* DISCOVERY**

Defendant City of Chicago ("the City"), by and through one of its attorney, Raoul Vertick Mowatt, Assistant Corporation Counsel, and Defendants Albert Torres, Mohammad Baker, Andrew Kats and Angelo Dicera ("Individual Defendants"), by and through one of their attorneys, Emily R. Bammel, Assistant Corporation Counsel, (collectively, "Defendants") move this Honorable Court, pursuant to Fed. R. Civ. P. 42(b), to: (1) bifurcate Plaintiff's *Monell* claim pursuant to Rule 42; (2) stay discovery and/or litigation of the *Monell* claim; (3) enter the City's proposed *Limited Consent to Entry of Judgment* (hereinafter "*Limited Consent*"), attached hereto as Exhibit A; and (4) stay *Monell* discovery while this motion is pending. In support of their motion, Defendants state as follows:

**INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") brings various claims against Defendants

Page **1** of **15**

and as-yet unnamed officers related to three incidents within the statute of limitations as well as a *Monell* claim (Count VI). The Complaint alleges that the Individual Defendants and unnamed officers encountered Plaintiff on three dates and wrongly detained him, used excessive force on him, and/or unjustifiably took his FOID card. The FAC contends that the City has four widespread practices that caused each of these incidents - an alleged failure to train, failure to discipline, and support of a code of silence and of biased-based policing. Defendants contend that it would be proper to stay and bifurcate Plaintiff's *Monell* claim for multiple reasons. First, bifurcation is warranted because it serves the interest of judicial economy. *Monell* discovery will require a grossly disproportionate amount of time and expense to the needs of a relatively straightforward case and will almost certainly require the Court to address discovery disputes and a motion for summary judgment. Second, bifurcation is necessary to prevent the substantial risk of undue prejudice to Defendants. Third, Plaintiff will suffer no prejudice by granting bifurcation.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 42 provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Only one of these criteria need be met for bifurcation to be ordered. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (citing *Krocka v. City of Chicago.*, 203 F.3d 507, 516 (7th Cir. 2000)). The court has "considerable discretion" over whether to bifurcate claims, *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000), but may bifurcate "separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy." *Chlopek*, 499 F.3d at 200. This may occur so long as the non-moving party suffers no prejudice or a violation of the Seventh Amendment. *Id.* Motions for bifurcation are "now commonplace[.]" *Ezell v. City of Chicago*,

2019 WL 3776616, at *3 (N.D. Ill. Aug. 12, 2019). The inclination toward granting motions for bifurcation in § 1983 cases is "the recognition that, often, 'claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them.'" *Id.* at *3 (quoting *Horton v. City of Chicago*, 2016 WL 316878, at *2 (N.D. Ill. Jan. 26, 2016)). Granting bifurcation of a *Monell* claim "is left to the Court's sound discretion and 'must be done on a case-by-case basis, looking at the specific facts and claims presented.'" *Id*. (quoting *Rodriguez v. City of Chicago*, 2018 WL 3474538, at *2 (N.D. Ill. July 19, 2018)). Should bifurcation be warranted, Federal Rule of Civil Procedure 26 allows the court to stay discovery on a *Monell* claim. Fed. R. Civ. P. 26(d); *Blackmon v. City of Chicago*, 2020 WL 1888913, at *3 (N.D. Ill. Apr. 16, 2020). Bifurcation of a *Monell* claim can avoid the unnecessary costs of a second trial. *Id.* at *7. Bifurcation also helps avoid wasting a court's time and resources and inconveniencing of witnesses, especially when a defendant agrees to an entry of judgement against itself under proper circumstances. *Id.*

Bifurcation motions are "now commonplace" and "there is a growing body of precedent in this district for both granting and denying bifurcation in § 1983 cases." *See, e.g., Allison v. Gallagher*, 2012 WL 4760863 (N.D. Ill. Oct. 5, 2012) at *1 (quoting *Elrod v. City of Chicago*, 2007 WL 3241352 (N.D. Ill. Nov.1, 2007) at *2); *see also, e.g., Rodriguez v. City of Chicago*, 2018 WL 3474538 (N.D. Ill. July 19, 2018) at *2. "Such motions and the inclination of many judges to grant them stems in large part from the recognition that, often, 'claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them.'" *See, e.g., Horton v. City of Chicago*, 2016 WL 316878 (N.D. Ill. Jan. 26, 2016) at *2 (quoting *Moore v. City of Chicago*, 2007 WL 3037121 (N.D. Ill. Oct.15, 2007) at *9). The decision to bifurcate a

plaintiff's *Monell* claim is left to the Court's discretion and "must be done on case-by-case basis, looking at the specific facts and claims presented." *Rodriguez*, 2018 WL 3474538 at *2.

Bifurcation of Plaintiff's *Monell* claim and a stay of *Monell* discovery best serves the interests of convenience, economy, expedition, and avoidance of undue prejudice; it also represents a sound exercise of the Court's inherent power to control its docket. *Krocka,* 203 F.3d at 516. The decision to bifurcate "centers on a balance of equities." *A.L. Hansen Mfg. Co. v. Bauer Products, Inc.,* 2004 WL 1125911 (N.D. Ill. May 18, 2004) *2. When weighing the equities under Rule 42, prejudice is the most important consideration. *Fetzer v. Wal-Mart Stores,* 2016 WL 6833912 (N.D. Ill. Nov. 21, 2015) *5.

## ARGUMENT

Bifurcation and stay of Plaintiff's *Monell* claim (Count VI) best serves the Rule 42 interests of convenience, economy, expedition, and avoidance of undue prejudice; it also represents a sound exercise of the Court's inherent power to control its docket. *Krocka*, 203 F.3d at 516.

### I. Bifurcation Serves The Interests of Judicial Economy.

Bifurcation allows all parties to avoid burdensome and potentially unnecessary discovery and litigation costs. Generally, a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Matthews v. City of East St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012) (holding that without a constitutional violation, there can be no *Monell* liability). Unless Plaintiff succeeds on his claims and show that the Individual Defendants violated her constitutional rights, the City cannot be held liable.[1] "Bifurcation can . . . present a number of benefits including the bypassing

---

[1] To be clear, this general rule does allow for municipal liability even if there is no individual employee liability, so long as such a finding would not create an inconsistent verdict, such as when the officer has qualified immunity on a claim. *See Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 305 (7th Cir. 2010). Even if qualified immunity exists in this case, and the City could be found liable on a *Monell*

of significant discovery . . . and a shorter trial." *Andersen v. City of Chicago*, 2016 WL 7240765, at *4 (N.D. Ill. Dec. 14, 2016). Courts have recognized that bifurcation is warranted where "the *Monell* claim is now the driving expenditure of time and resources that it is difficult to justify" and "the harms described could only have manifested through Defendant Officers' actions." *Rodriquez v. City of Chicago, et al.*, 17 C 7248, ECF No. 163 (Kim, Mag. J.).

In this case, the underlying claims against the Individual Defendants are fairly straightforward in terms of discovery and trial. The basis for these claims are three discrete incidents, two of which are captured on officers' bodyworn camera, and the third of which is at least partially recorded by Plaintiff in a cellphone video. Defendants anticipate that the witnesses to the three incidents and their aftermath roughly number 20. Production of records having to do with these incidents would also be relatively simple.

By contrast, the *Monell* claim would dramatically complicate issues and dwarf discovery into what happened in these three incidents. Based purely on the FAC's allegations, Plaintiff's *Monell* claim could necessitate discovery on the following subjects:

- Up to 15 other interactions between Plaintiff and other police officers dating back to 2017;
- Dozens, if not hundreds, of unrelated cases in which Chicago police officers were accused of using excessive force or unjustly stopping people, including complaint registers as to those cases;
- Statistics as to the demographics of people stopped by Chicago police and details as to why they were stopped, as well as whether the race motivated officers in those cases;
- The training of Chicago police officers as to the use of force and possibly other subjects, including how the officers were trained, how other police jurisdictions train officers, perceived strengths and weaknesses of the training;
- Reports including, but not limited to, ones from the American Civil Liberties Union in 2015 report, the Police Accountability Task Force in 2016, the U.S. Department of Justice in 2017, the Chicago Office of Inspector General in 2020, including

---

claim even though the Individual Defendants could be found not liable, the City's proposed *Limited Consent to Entry of Judgment* waives qualified immunity if an underlying constitutional violation is found. Exhibit A at ¶ 5.

Page 5 of 15

- whether those reports were accurate, what reforms the City implemented in the wake of those reports and the sufficiency of those reform efforts;
- The Consent Decree reached in *State of Illinois v. Chicago*, No. 17 CV 6260 at Dkt. 703. ("Consent Decree") and the City's successes and areas for growth in implementing it;
- The actual contours of the code of silence within the Chicago Police Department, including explanations as to the statements made by former City officials;
- How well the Civilian Office of Police Accountability investigated claims of police misconduct, including how frequently it recommended discipline in similar cases, how quickly it conducted its investigations, whether its disciplinary recommendations tended to be sufficient to deter future misconduct; and
- The knowledge of the City's final policymaker(s) as to these issues and the efforts taken to address them.

The above is not even a comprehensive list of all the subjects that may arise in Plaintiff's *Monell* claim. It is likely that Plaintiff will want to pursue additional avenues in potential pursuit of a *Monell* claim that Defendants cannot currently anticipate. Given the breadth of these subjects, Defendants anticipate there being extensive written discovery pertaining to Plaintiff's *Monell* claim. Further, in addition to any *Monell* requests by Plaintiff, the City will seek to defend itself from Plaintiff's allegations, which could also involve analyses of time periods and actions far afield from the facts here. *Monell* discovery can be many multiples of the discovery on the facts of a specific incident at a point in time and cause all parties to incur large additional and unnecessary costs. *See Moore v. City of Chicago*, 2007 WL 3037121, at *9 (N.D. Ill. Oct. 15, 2007). The City would likely need to prepare and present both fact and Rule 30(b)(6) witnesses as to each of the above areas, including some from the various divisions of the Chicago Police Department, the Civilian Office of Police Accountability, the Office of Inspector General, the City Council. A number of third-party witnesses – ranging from complainants in other lawsuits and complaint registers to officials with the Illinois Attorney General's Office to employees of the U.S. Department of Justice to journalists – may be named. Production of records will be voluminous and will likely require redaction of personal information and juvenile information. Disputes about

the scope of this discovery are virtually inevitable. Costly expert discovery would follow fact discovery, with both Plaintiff and the City likely retaining expert witnesses. Finally, there will almost certainly be dispositive motion practice as to Plaintiff's *Monell* claim.

It is well-established that trial judges have "substantial case-management authority to control the course of litigation in their courts. In cases lacking private incentives to limit the scope of litigation, active judicial oversight can help prevent straightforward cases like this one from spiraling out of control." *Montanez v. Simon*, 755 F.3d 547, 552 (7th Cir. 2014).

The Seventh Circuit has suggested that bifurcation of *Monell* claims in favor of litigating the underlying constitutional claims is an acceptable solution to the problems posed by *Monell* discovery. In *Swanigan v. City of Chicago*, the district court stayed the *Monell* claim until the claims against the individual defendant officers were litigated and resolved. *Swanigan v. City of Chicago*, 775 F.3d 953, 957 (7th Cir. 2015). On appeal on other matters, the Seventh Circuit made special mention of this Court's decision to stay *Monell* discovery and found it was "sensible, especially in light of the volume of civil-rights litigation that district courts must manage." *Id.* at 962. In situations where the plaintiff seeks only monetary damages and "a municipal defendant is willing (or required) to indemnify individual defendants for compensatory damages as well as an award of attorney's fees and costs" then there "is no need for the parties to spend time and money litigating a *Monell* claim." *Id.* Such is the case here. Plaintiff has no basis to seek injunctive relief, and the City will indemnify the Individual Defendants.

Bifurcation of the *Monell* claim eliminates the need for (1) judicial intervention into discovery disputes arising from this claim; (2) briefing and ruling on the summary judgment motion the City will file; and (3) if the claim survives summary judgment, presiding over a trial that will be far longer and more factually and legally complex than a trial that would focus solely

on the Individual Defendants' liability. *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) ("The trial of the claims against the individual officers is . . . likely to be shorter, and perhaps significantly shorter, than a trial also involving *Monell* claims."). The Seventh Circuit has explicitly endorsed bifurcation to avoid "the waste of the valuable time and resources of the court" in addition to serving the interests underlying Rule 42. *Treece v. Hochsteler*, 213 F.3d 360, 365 (7th Cir. 2000). Indeed, the "willingness of many judges to grant [*Monell* bifurcation motions] stems in large part from [this] recognition." *Terry v. Cook Cnty. Dep't of Corrs.*, 2010 WL 2720754, at *2 (N.D. Ill. July 8, 2010). As a result, staying the *Monell* claim while the claims against the Individual Defendants are litigated is sensible, given the district courts' high volume of cases. *Swanigan*, 775 F.3d at 962. In recognition of this, Northern District trial courts, including this Court, have increasingly bifurcated and stayed *Monell* discovery for judicial efficiency. *See Ezell*, 2019 WL 3776616; *Blackmon,* 2020 WL 1888913; *Williams v. City of Chicago, et al.*, 2018 WL 2561014 (N.D. Ill. 2018).[2]

Experience and common sense show that bifurcation would help ensure more streamlined litigation beneficial to everyone involved. Bifurcating the *Monell* claim would allow the Plaintiff and the Individual Defendants to move forward on the claims of the constitutional violations, without which preclude a *Monell* finding, without further delay. After the conclusion of fact

---

[2] *See also Psaralogos v. City of Chicago, et al.,* 2020 WL 919215 (N.D. Ill. 2020) (Weisman, Mag. J.), *Batchelor v. City of Chicago, et al.*, 2020 WL 509034 (N.D. Ill. 2020) (Bucklo, J.), *Arrington v. City of Chicago, et al.*, 2018 WL 3861552 (N.D. Ill. 2018) (Durkin, J.); *Williams v. City of Chicago, et al.*, 2018 WL 2561014 (N.D. Ill. 2018) (Kendall, J.), *Ackerman v. Allen*, 2017 WL 1536447 (N.D. Ill. 2017) (Castillo, CJ.); *Bolden v. City* 17 C 417, ECF No.171 (Shah, J.); *Harris v. City of Chicago, et al.*, 2016 WL 3261522 (N.D.Ill. 2016) (Darrah, J.); *Walker v. White et. al*., 16 C 7024, ECF No. 98 (Shah, J.), *Horton v. City of Chicago, et al.*, 2016 WL 316878 (N.D.Ill. 2016) (Dow, J.); *Castellanos v. Lawryn, et al.*, 14 C 1841, ECF No. 43 (N.D. Ill. 2014) (Kim, Mag. J.); *Taylor v. Hughes, et al.*, 13 C 4597, ECF No. 87 (N.D. Ill. 2015) (Shah, J.); *Veal v. Kachiroubas*, 2014 WL 321708 (N.D.Ill. 2014) (Lefkow, J.); *Taylor v. Kachiroubas*, 2013 WL 6050492 (N.D.Ill. 2013) (Gottschall, J.); *Carr v. City of North Chicago*, 2012 WL 5463890 (N.D.Ill. 2012) (Keys, Mag. J.).

discovery, Defendant Officers will likely move for summary judgment. Like the Defendants, Plaintiff has an interest in this litigation moving forward and avoiding undue delays.

### II. Bifurcation will assist in eliminating the risk of unfair prejudice.

Bifurcation is an appropriate remedy to avoid the severe and undue prejudice that Defendants will face in a single trial of both the underlying issues and the *Monell* claim. Fed. R. Civ. P. 42(b).

Introducing evidence relating to the allegations in Plaintiff's *Monell* claim creates a substantial risk of prejudice for the Individual Defendants and undermines their ability to receive a fair trial. *Veal*, 2014 WL 321708, at *6. The vast majority of the trial will be about city officials, citizens, and conduct that is wholly unrelated to what happened in the underlying incidents. It is inevitable that in such situations, the jury will believe that it should find liability by association alone. This danger requires bifurcation. *See Tanner v. City of Waukegan*, 2011 WL 686867, at *9-10 (N.D. Ill. Feb. 16, 2011). In this situation, there is a "real danger that evidence admissible on the issues relating to conduct by the City . . . will contaminate the mind of the finder of fact in its consideration of the liability of the other defendant[s]." *Ojeda-Beltran v. Lucio*, 2008 WL 2782815, at *3 (N.D. Ill. July 16, 2008); *Lopez v. City of Chicago*, 2002 WL 335346, at *2 (N.D. Ill. Mar. 1, 2002) ("[w]ithout bifurcation, the jury would likely hear evidence against the City of Chicago's various acts of alleged police misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can be prejudicial to the individual defendants."). Specifically, in this case, the jury would likely hear evidence of other alleged improper searches and seizures to determine whether the City's alleged policies existed. The jury would likely hear evidence as to what City officials allegedly did or failed to do in response to those various incidents. The jury would likely hear evidence as to whether the City's alleged policies caused

those incidents. All of this is completely unrelated to the underlying incidents in the FAC.

In a Section 1983 claim, a defendant's liability rests on "their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Repeatedly referring to the alleged misconduct of non-defendant officers and employees before the jury serves as an invitation to the jury to find the Individual Defendants guilty by association, rather than deciding liability based on their own actions. Here, the Individual Defendants would suffer unfair prejudice due to the wide-ranging nature of the *Monell* claim.

Likewise, a risk of prejudice exists against the City if the claims are tried in a single trial. *Monell* and its progeny provide plaintiffs with a vehicle to hold a municipality liable for its own conduct; it is not a means by which to hold a municipality liable through a form of vicarious liability like *respondeat superior*. *EG Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011); *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, units of local government are responsible only for their policies rather than misconduct by their workers."). The claims against the Individual Defendants here are largely fact-specific, while the claims against the City are highly complex and intricate, requiring due consideration. The allegations against the Individual Defendants, if proven at trial, may cause the jury to hold the City liable on the *Monell* claim, without giving the claim due independent deliberation and contemplation, if the jurors are disturbed by the conduct of any Individual Defendant. *Monell* would devolve into a *respondeat superior* claim, despite the law requiring that it not. *EG Milestone*, 665 F.3d at 780. The risk of unfair prejudice is easily avoidable by bifurcating the *Monell* claim from the Individual Defendants' claims—there would be no concern about misapplication of the law to the available evidence.

Defendants anticipate Plaintiff will argue that limiting instructions could help mitigate the

possibility of unfair prejudice. As Judge Castillo observed, "It is true that courts may minimize this risk by instructing the jury, and juries are presumed to dutifully follow limiting instructions. However, while jury instructions may correct for such prejudice, bifurcation avoids it entirely." *Ackerman v. Allen*, 2017 WL 1536447 at *5, No. 16 CV 6199 (N.D.Ill. Aril 27, 2017)(citation omitted).

Put simply, "bifurcation is generally likely to bring an earlier disposition of the suit because bifurcation allows a bypass of discovery relating to the *Monell* claims, which can add significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process." *See Clarett v. Suroviak*, 2011 WL 37838, at *2 (N.D. Ill. Jan. 3, 2011). *See also Almaraz v. Haleas*, 602 F. Supp. 2d 920, 925–26 (N.D. Ill. 2008) (*Monell* discovery is much broader than discovery against individual defendants and could result in lengthy and costly discovery unnecessary to the claims against the individual defendants). Conversely, a bifurcation and stay of the *Monell* claims does not bar Plaintiff from asserting his *Monell* claim, should he prevail in the claims against the Individual Defendants. *Andersen*, 2016 WL 7240765, at *6; *Castillo v. City of Chicago*, 2012 WL 1658350, at *6 (N.D.Ill. May 11, 2012). If there is anything to pursue following the resolution of the claims against the Individual Defendants,[3] Plaintiff is free to do so; bifurcation is not the same as a dismissal. *Carr v. City of N. Chicago*, 908 F.Supp.2d 926, 935 (N.D. Ill. 2012).

Bifurcation and a stay of the *Monell* claim in this case reduces the risk of undue prejudice and narrows the focus of discovery to the claims against the Individual Defendants, and this Joint

---

[3] Plaintiff would still need to establish the requisite case and controversy requirement. Fed. R. Civ. P. 12(b)(1); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Commonwealth Plaza Condominium Ass'n v. City of Chicago*, 693 F.3d 743, 747-48 (7th Cir. 2012). To that end, courts have found that *Monell* is not simply a vehicle to force societal changes through judicial intervention rather than the legislative process, *Parker v. Banner*, 479 F.Supp.2d 827, 834-35 (N.D.Ill. 2007), and an actual controversy must exist for the claim to proceed.

Motion should be granted in its entirety.

### 3. Bifurcation will not prejudice Plaintiff.

Bifurcation and a stay of the *Monell* claim will not affect Plaintiff's recovery of any compensatory damages that a jury may award. Plaintiff cannot recover any additional compensatory damages based on his *Monell* claim if he has already recovered compensatory damages against the Individual Defendants. *Almaraz*, 602 F. Supp. 2d at 926; *see also Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985). The City has agreed to indemnify the Individual Defendants for compensatory damages. *See* Exhibit A at ¶¶ 4–7. Accordingly, bifurcation and a stay of discovery related to the *Monell* claim will save time and expenses in both the short and long term. *Swanigan*, 775 F.3d at 962; *Almaraz*, 602 F. Supp. 2d at 925–26.

Defendants anticipate that Plaintiff may argue that he would be prejudiced by not being able to pursue a larger interest in police reform. However, the Consent Decree renders that argument moot. Under the Consent Decree, the City is obligated to meet specific targets designed to improve training of police officers, improve its police accountability systems, and to curtail both the code of silence and biased-based policing. The Consent Decree thus ensures Plaintiff is not prejudiced by not personally being able to pursue police reform because far more extensive efforts are already underway. Judge Guzman recently recognized the Consent Decree makes this rationale against bifurcation obsolete in *James v. City of Chicago*, 21 C 6750. A transcript of the hearing where Judge Guzman bifurcated Plaintiffs' *Monell* claim in that case is attached as Exhibit B.

### 4. The City agrees to limited entry of judgment against it if Plaintiff prevails against the Individual Defendants.

Litigation of Plaintiff's *Monell* claim will prove unnecessary unless Plaintiff can establish

that the Individual Defendants violated Plaintiff's constitutional rights. If Plaintiff cannot, then municipal liability cannot stand. *See Treece*, 213 F.3d at 364. If Plaintiff does prevail against the Individual Defendants, the City will consent to the limited entry of a judgment against it for the amount of damages caused by the violation, plus reasonable attorneys' fees, without requiring Plaintiff to prove the elements of Section 1983 municipal liability. Exhibit A, ¶¶ 4–6.

This is no small benefit to Plaintiff as "the decision of a plaintiff to pursue a *Monell* claim carries with it a heavy burden of discovery and proof." *Medina*, 100 F. Supp. 2d at 894. The proposed *Limited Consent* allows Plaintiff to obtain a judgment against the City for any compensatory damages to which he is entitled, as long as he proves the underlying constitutional claims in this case. This avoids the costly and time-consuming litigation of the *Monell* claim. Further, even if the Individual Defendants successfully assert a qualified immunity claim, the *Limited Consent* still governs. Exhibit A, ¶ 5. Given the terms of the proposed *Limited Consent*, "disposition of the individual claims will either legally or practically end the litigation. . .. If the plaintiff prevails against the officer[s] on his § 1983 claim[s], he is likely not to want or need to proceed any further . . .." *Medina*, 100 F. Supp. 2d at 895. The proposed *Limited Consent* fulfills the goal of ensuring full recovery of compensatory damages if Plaintiff is successful in their constitutional claims against the Individual Defendants.

The proposed *Limited Consent* should alleviate any concern the Court may have about bifurcation, as similar consent agreements have done for other courts. *See Carr*, 908 F. Supp. 2d at 930–33. It allows Plaintiff to recover compensatory damages, while sparing them the cost of litigating a *Monell* claim and meeting the burden of proof on that claim. It streamlines the issues before the Court, while also removing the burden connected to *Monell* litigation.

**5. Defendants respectfully request a stay of *Monell* discovery, both oral and written, pending resolution of this Motion.**

Defendants respectfully request that the Court stay *Monell* discovery pending the resolution of this motion to bifurcate. Counsel for Defendant City and Plaintiff have conferred regarding this Motion. Plaintiff objects to the bifurcation of the *Monell* claim, and the stay of *Monell* discovery. Staying *Monell* discovery while the motion is pending would prevent the burden of potentially unnecessary discovery to Defendant City, without prejudice to any party.

The undersigned has contacted Plaintiff's counsel, and he opposes this motion.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court: (1) bifurcate Plaintiff's *Monell* claim pursuant to Rule 42; (2) stay discovery and/or litigation of the *Monell* claim; (3) enter Defendant City's proposed *Limited Consent*; and (4) stay *Monell* discovery during the pendency of this Motion; and (5) for the grant of any such other relief as the Court deems just.

**Dated: June 17, 2022**

Respectfully submitted,

>*/s/ Raoul Vertick Mowatt*
>Assistant Corporation Counsel III

Caroline Fronczak, Deputy Corporation Counsel
Danielle Alvarez Clayton, Assistant Corporation Counsel III
Mitchell R. Paglia, Assistant Corporation Counsel III
2 N LaSalle Street Suite 420
Chicago, IL 60602
(312) 744-3283 (Mowatt)
Raoul.Mowatt@cityofchicago.org

>*/s/ Emily R. Bammel*
>Assistant Corporation Counsel III

Allison L. Romelfanger, Assistant Corporation Counsel Supervisor
Michael J. Bradtke, Assistant Corporation Counsel III
2 N. LaSalle Street Suite 420
Chicago, IL 60602
(312) 744-3982 (Bammel)

Emily.Bammel@cityofchicago.org

## CERTIFICATE OF SERVICE

I, an attorney, hereby certify that on June 17, 2022, I have served this notice and the attached document **DEFENDANTS' JOINT MOTION TO BIFURCATE PLAINTIFF'S *MONELL* CLAIM (COUNT VI) AND TO STAY *MONELL* DISCOVERY** by causing it to be filed with the Court's CM/ECF system, which cause it to be served to all counsel of record.

                                                  */s/Raoul Vertick Mowatt*
                                                  Raoul Vertick Mowatt
                                                  Assistant Corporation Counsel