IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON BURDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 22-cv-00046 |
| CITY OF CHICAGO, a municipal corporation; Officer ALBERT TORRES, Star #13067; Officer MOHAMMAD BAKER., Star #19740; Officer ANDREW KATS, Star #17577; Officer ANGELO DICERA Star #14902; and J. DOE OFFICERS 1-5. | ) ) ) ) ) ) ) ) | Honorable Judge John Z. Lee<br><br>Honorable Magistrate Judge Young B. Kim |
| Defendants. | | |

## LIMITED CONSENT TO ENTRY OF JUDGMENT AGAINST DEFENDANT CITY OF CHICAGO

Defendant City of Chicago, by one of its attorneys, Raoul Vertick Mowatt, Assistant Corporation Counsel III, hereby stipulates to the following:

1. On May 9, 2022, Plaintiff filed his First Amended Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Constitutional rights. [ECF 32]. Plaintiff's First Amended Complaint brings the following claims: Count I – unreasonable seizure; Count II – excessive force; Count III – illegal seizure of property; Count IV – equal protection violation; Count V – failure to intervene; Count VI – a *Monell* claim against Defendant City; Count VII – assault and battery; Count VIII – intentional infliction of emotional distress; Count IX – *respondeat superior*; and Count X – indemnification. *Id.*

2. In his First Amended Complaint, Plaintiff claims that the Individual Defendants violated his constitutional rights as a result of various policies, practices, and customs of the City.

[ECF 232 In other words, Plaintiff has brought a *Monell* claim against the City. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff seeks a judgment against the City for damages caused by the alleged violation of his rights under the Constitution.

3. Even if the constitutional rights of Plaintiff were violated as alleged, the City specifically denies any such constitutional violation was caused by a person with "final policymaking authority," denies the City has any "policies, customs, or practices" that cause constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies that any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. § 1983.

4. Without admitting the *Monell* allegations in the Complaint, the City will consent to entry of judgment against it for compensatory damages and, to the extent allowed by the court, reasonable attorney fees pursuant to 42 U.S.C. § 1988, if the finder of fact in this case finds that Individual Defendants are liable for a violation of Plaintiff's constitutional rights as alleged in the Complaint. The terms of this Consent also will apply if Individual Defendants are found liable to Plaintiff on a motion for summary judgment, or found liable to Plaintiff pursuant to any other court procedure not involving a finder of fact that determines, based on the merits of this case, that Individual Defendants are liable to Plaintiff for a violation of his constitutional rights as alleged in the pending Complaint.

5. With respect to Individual Defendants' assertion of qualified immunity, the City will consent to entry of judgment against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. §1988, if the finder of fact determines

that Individual Defendants violated Plaintiff's constitutional rights as alleged in the Complaint, even if Individual Defendants are further found to be not liable to Plaintiff because they are entitled to qualified immunity.

6. For this purpose and in this case only, the City waives its right under *Monell* not to be found liable for damages pursuant to Section 1983 without proof that the City by its "policy, custom, or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if liability for a constitutional violation regarding Plaintiff is found against Individual Defendants, the City agrees to accept liability against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees, based solely on that alleged constitutional violation, and not upon any alleged "policy, custom, or practice." The Consent to Entry of Judgment will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure, such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

7. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City also retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this Consent.

Respectfully submitted,

                        */s/ Raoul Vertick Mowatt*
                        Assistant Corporation Counsel III

Caroline Fronczak, Deputy Corporation Counsel
Danielle Alvarez Clayton, Assistant Corporation Counsel III
Mitchell R. Paglia, Assistant Corporation Counsel III
2 N LaSalle Street Suite 420
Chicago, IL 60602
(312) 744-3283 (Mowatt)
Raoul.Mowatt@cityofchicago.org

*Attorneys for Defendant City of Chicago*