1            IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

```
3   QUARNITA JAMES, for herself and )
    as next friend of her minor son,)
4   LAZERICK JAMES, and             )
    JAYLIN STIGER,                  )
5                                   )
                Plaintiffs,         )
6                                   )  No. 21 C 6750
            vs.                     )  Chicago, Illinois
7                                   )  May 25, 2022
    THE CITY OF CHICAGO, et al.,    )  10:00 a.m.
8                                   )
                Defendants.         )
9
```

        TRANSCRIPT OF PROCEEDINGS - STATUS

10

        BEFORE THE HONORABLE RONALD A. GUZMAN

```
11
    APPEARANCES:
12  For the plaintiffs:      LAW OFFICES OF AL HOFELD, JR., LLC
                             30 North LaSalle Street
13                           Suite 3120
                             Chicago, Illinois 60602
14                           BY:  MR. AL HOFELD, JR.
                                  MR. ZACHARY J. HOFELD
15
    For the individual       QUERREY & HARROW, LTD.
16  officer defendants:      120 North LaSalle Street
                             Suite 2600
17                           Chicago, Illinois 60602
                             BY:  MR. LAWRENCE S. KOWALCZYK
18

19  For the defendant City   CITY OF CHICAGO, DEPARTMENT OF LAW
    of Chicago:              2 North LaSalle Street
20                           Suite 420
                             Chicago, Illinois 60602
21                           BY:  MR. RAOUL V. MOWATT

22

23  Official Court Reporter: JENNIFER COSTALES, CRR, RMR, CRC
                             219 S. Dearborn St., Room 2342
24                           Chicago, Illinois 60604
                             (312) 435-5895
25                           jenny.uscra@yahoo.com
```

1          (Proceedings in open court)

2               THE CLERK:  Our next case before us is case number 21

3    CV 6750, James, et al., versus the City of Chicago, et al.

4               MR. A. HOFELD:  Good morning, Your Honor.  Al Hofeld,

10:09:13    5    Junior.

6               I apologize, I'm not sure if we should leave the mask

7    on or if you want us to take it off.

8               THE COURT:  It's all right, you can take your masks

9    off if you want.

10:09:21    10               MR. A. HOFELD:  Thank you.

11               MR. Z. HOFELD:  Good morning, Your Honor.  Zac Hofeld

12    on behalf of the plaintiffs as well.

13               THE COURT:  Good morning.

14               MR. KOWALCZYK:  Good morning, Your Honor.  Larry

10:09:32    15    Kowalczyk, K-O-W-A-L-C-Z-Y-K, on behalf of the individual

16    officers.

17               I noticed in the amended complaint there is one

18    additional officer named.  I will track service on that and

19    help facilitate it, and obviously I'll probably be appearing

10:09:48    20    for that individual as well.

21               THE COURT:  Thank you.  Let me just take a quick look

22    here.

23               So the case was filed back in December of 2021.  What

24    has been done since then?

10:10:29    25               MR. A. HOFELD:  Sure, Your Honor.  We had an informal

1  agreement for early discovery, which included additional body

2  cam video, photographs of the officers, you know, incident

3  report, arrest report, a bunch of other records from the

4  police department, which that allowed us to amend and

10:10:47  5  streamline.  We dropped a defendant.  We added one.  We didn't

6  have all the facts when we first filed because we didn't have

7  all the body camera video from the incident.

8           So we filed the amended complaint yesterday.  And we

9  believe, you know, the case is ready to proceed to discovery

10:11:08  10  at this point.  But it was basically the early discovery and

11  the need to amend the complaint with additional facts.

12           THE COURT:  So you have the body cam.  What else did

13  you get?  Anything else?

14           MR. A. HOFELD:  We got body cam video.  We got

10:11:22  15  incident report, arrest report.  There is some *Terry* stop

16  reports.  There were some, I believe we got TRR records for

17  the officers.  And counsel for the defense can help me out if

18  I'm forgetting anything.

19           MR. KOWALCZYK:  There were other individuals involved

10:11:44  20  in the series of events, Your Honor, so there were additional

21  like case incident reports, arrest report, tactical response

22  reports that were also turned over in advance.

23           THE COURT:  So what is left to do?

24           MR. A. HOFELD:  Well, Your Honor, it appears that we

10:12:02  25  still don't have, and we need to talk with counsel about this,

1    I'm not trying to put anybody on the spot, but it appears that

2    we don't have complete body cam video still for at least three

3    of the defendant officers who were on the scene, including the

4    sergeant who supervised most of the officers.

10:12:22    5        We do also have a *Monell* claim, Your Honor, as count

6    1.  We allege that there is a policy using excessive force

7    against kids of color, although the claim is pretty narrow.

8    So we have done similar discovery in other cases.

9        So we are asking for a relatively short schedule in

10:12:53    10   comparison to the defendants.  And that's included in the

11   joint status report.

12       THE COURT:  How much time are you asking for?

13       MR. A. HOFELD:  We're asking for a fact discovery

14   cut-off, Your Honor, of February 28th, 2023.  We're asking for

10:13:08    15   26(a)(1) disclosures by June 15th, next month; written

16   discovery issued by July 1st.  Because it affects the length

17   and scope of discovery, we are asking the Court to set a date

18   for the filing of the City's, you know, motion to bifurcate

19   discovery on the *Monell* claim.  We proposed July 1 for that.

10:13:40    20       And then, Your Honor, after the close of fact

21   discovery, where plaintiffs will need expert discovery,

22   particularly on the *Monell* claim, particularly on the

23   psychological damage as to the kids, so we proposed an expert

24   discovery schedule in 30-day increments beginning on March

10:14:01    25   28th of 2023.

1    THE COURT:  What do you think?

2    MR. KOWALCZYK:  Your Honor, we had suggested dates

3  that were a little further from the standpoint of counsel

4  agreed we could have 30 days to file a responsive pleading to

10:14:14    5  the amended complaint, having just received it last night, and

6  then thereafter submitting Rule 26(a)(1) disclosures after any

7  other -- for example, there was the additional officer we need

8  to look into by August 1st of 2022 and then written discovery

9  schedule to proceed shortly thereafter to be issued by August

10:14:34   10  15th.

11    Then we suggested a fact closure of August 31st of

12  2023, with expert disclosures thereafter, similar to how

13  plaintiffs' counsel described them.  But we had objected to

14  any rebuttal expert disclosures.

10:14:49   15    We had suggested a date of, I think by August 31st

16  for the motion to bifurcate, which I think the City can

17  address.

18    MR. MOWATT:  Good morning, Your Honor.  Raoul Mowatt

19  on behalf of the City of Chicago.

10:15:04   20    On the one hand, I understand the interest in trying

21  to get a motion to bifurcate early, but on the other hand, no

22  defendant has even answered, so I believe it would be

23  premature to have one as early as July.

24    THE COURT:  Are you going to oppose the motion to

10:15:26   25  bifurcate?

1        MR. A. HOFELD:  Yes, Your Honor.

2        THE COURT:  Why?

3        MR. A. HOFELD:  For a variety of reasons, Your Honor.

4    One, because these particular clients care probably the most

10:15:45    5    about that particular claim.

6        THE COURT:  Why?

7        MR. A. HOFELD:  Because one of them was 13 at the

8    time, the other was 16.  They never had any contact with the

9    police.  They're good kids.  They were good kids.  And then

10:15:59    10   they had guns pointed at them, were handcuffed, had a TASER

11   pointed at them, were mistreated.

12       THE COURT:  But how does that make them care more

13   than any other victim of alleged police abuse?

14       MR. A. HOFELD:  Because they --

10:16:16    15   THE COURT:  More to the point, how does that even,

16   what they care or how much they care, how does that come into

17   play as to whether we should bifurcate really a, in terms of

18   discovery at least, vastly different claim?

19       MR. A. HOFELD:  Well --

10:16:31    20   THE COURT:  Claims against the individual officers.

21       MR. A. HOFELD:  Well, Your Honor, I'd like the

22   opportunity to set forth our arguments in a written brief.

23       THE COURT:  Well, the thing is that, like you --

24       MR. A. HOFELD:  Yes.

10:16:49    25   THE COURT:  -- I've been through this motion at least

1  a million times now.

2          MR. A. HOFELD:  Sure.

3          THE COURT:  And I've yet to hear a really good,

4  substantial reason --

10:16:55     5          MR. A. HOFELD:  Okay.

6          THE COURT:  -- for not bifurcating the discovery.  If

7  you have one, I'd like to hear it.  You don't need to write it

8  down, just tell me what it is, because as I understand it the

9  City is willing to, I take it, cover the officers for their

10:17:11    10  individual damages, is that correct?

11          MR. MOWATT:  Absolutely correct, Your Honor.

12          THE COURT:  So what do we gain?  I mean, in terms of

13  what your clients are going to get out of this, what do you

14  gain from the *Monell* claim?

10:17:23    15          MR. A. HOFELD:  Sure, Judge.  Well, as you know,

16  there is some decisions that talk about the public interest

17  deterrent value of a *Monell* related verdict.

18          THE COURT:  All of that made a lot more sense before

19  these cases became common place and before there was a consent

10:17:42    20  decree in place between the City including the police

21  department with --

22          MR. A. HOFELD:  Yes, Your Honor.

23          THE COURT:  -- a set of goals and restrictions on the

24  Chicago Police Department that's about that big (indicating).

10:18:04    25          MR. A. HOFELD:  Yes, Your Honor, I've read it.  But

1    that does not address, Your Honor, it does not address the use

2    of excessive force against children in particular.

3          THE COURT:  Why is that different than against

4    adults?  Why should it be addressed differently?

10:18:16    5          MR. A. HOFELD:  Because they, like the elderly, like

6    the disabled, are especially vulnerable.

7          THE COURT:  Well, I think that -- I think I just

8    plain disagree with you there.

9          I'm going to bifurcate discovery.  *Monell* discovery

10:18:31   10   will be held off.  I see nothing to be gained for the

11   plaintiffs in this case, the defendants or the Court in

12   prolonging discovery to such a great extent as would be

13   necessary in order to actually do a proper *Monell* discovery

14   process.

10:18:58   15          Moving on to the experts, why is there a need to

16   postpone expert discovery in this case?  If the expert

17   discovery is going to be as to the damage to the children,

18   that's already taken place.  We can start to document that

19   right now.  So why are we waiting on expert discovery?

10:19:21   20          MR. A. HOFELD:  Your Honor, we're amenable to what

21   Your Honor is proposing.  I mean, in terms of the

22   psychological damages, we can get started on that right away.

23   I think we were just following, you know, the conventional

24   wisdom as to how to --

10:19:35   25          THE COURT:  Sure.  But the conventional wisdom

9

| | |
|---|---|
| 1 | usually is that you need to know what happened in the case |
| 2 | before the expert can come in and give an opinion. |
| 3 | MR. A. HOFELD:  Yes. |
| 4 | THE COURT:  In this case what the expert is going to |
| 10:19:43  5 | be opining on has already occurred. |
| 6 | MR. A. HOFELD:  And it's mostly on video.  Yes, |
| 7 | that's correct, Your Honor. |
| 8 | THE COURT:  Okay.  So when can you have your expert |
| 9 | discovery disclosures, counsel? |
| 10:19:56  10 | MR. A. HOFELD:  Okay.  Well, as soon as I retain one |
| 11 | and he or she can review the materials.  90 days, Your Honor. |
| 12 | THE COURT:  Okay.  A 90-day date for that, please, |
| 13 | Kerwin. |
| 14 | THE CLERK:  Okay.  August 26. |
| 10:20:28  15 | THE COURT:  August 26, okay.  This will give the |
| 16 | defendants 21 days to conduct their depositions of the expert, |
| 17 | if they wish one.  21 days please, Kerwin. |
| 18 | THE CLERK:  Okay.  June 15. |
| 19 | MR. KOWALCZYK:  Did you mean 21 days from August |
| 10:21:24  20 | 26th? |
| 21 | THE COURT:  21 days from August 26th.  I'm sorry, |
| 22 | Kerwin, I didn't make that clear. |
| 23 | THE CLERK:  September 16. |
| 24 | THE COURT:  Regarding fact discovery cut-off, you |
| 10:21:40  25 | have a great deal of discovery already.  What else do you need |

1    to do with respect to fact discovery that's going to take more

2    than six months?

3              MR. A. HOFELD:  I think six months is about what we

4    proposed, Your Honor, so I don't think we need to go beyond

10:21:57    5    six months.  Certainly we want to take the depositions of the

6    14 or so defendant officers.  I know they want to take

7    plaintiffs.

8              THE COURT:  Start today.  Start today.

9              All right.  Give me a six-month date for fact

10:22:12    10    discovery cut-off, please.

11              THE CLERK:  Starting today?

12              THE COURT:  Starting today, yes.

13              THE CLERK:  November 16th.

14              MR. MOWATT:  Your Honor?

10:22:34    15              THE COURT:  Yes.

16              MR. MOWATT:  One issue that may come up is that there

17    are psychological damages that are alleged in this case.

18              THE COURT:  I think that's what we're talking about,

19    isn't it, the expert discovery?

10:22:44    20              MR. MOWATT:  Yes, yes.

21              THE COURT:  Okay.

22              MR. MOWATT:  We may wish to have a Rule 35

23    examination of the two plaintiffs.

24              THE COURT:  That would be an absolutely perfect

10:22:57    25    motion to take up before the magistrate judge who is going to

1    supervise discovery.

2            MR. A. HOFELD:  If I may, Your Honor?

3            THE COURT:  Yes.

4            MR. A. HOFELD:  We probably will have a police

5    practices expert as well on some of the issues.  You know,

6    without taking the officers' deps first, I'm not sure if that

7    expert is going to have, you know, full -- and without, you

8    know, a full discovery record on some of the practices, I'm

9    not sure that that expert will be prepared to disclose a

10   report in 90 days.

11           We can certainly do it on the psychological damages.

12   But we may need, we may need to disclose that particular

13   expert following depositions of the officers and after we get

14   training records and policies and all of that kind of thing.

15           THE COURT:  Policies I'm sure you have already,

16   training records.

17           Okay.  So let's set a date, let's set a date towards

18   the end of September for the parties to come in and we can set

19   up plaintiffs' expert, police practices expert's scheduling.

20           THE CLERK:  We can do September 28th at 11:00 o'clock

21   a.m.

22           THE COURT:  Very well, let's do that.  And you can

23   let me know at that point, you should be in a position to be

24   able to at least begin your expert's examination of the acts

25   that you've uncovered, and we can set up dates for the expert

12

1  in police practices discovery.

2          MR. A. HOFELD:  Thank you, Your Honor.

3          MR. MOWATT:  Your Honor, I'm sorry, but one more

4  point of clarification.  With *Monell* staying bifurcated, will

10:25:31    5  the City have to answer all the *Monell* allegations in the

6  complaint?

7          THE COURT:  Sure.  File an answer.  You'll want to

8  be -- absolutely.

9          Well, I think that's probably all we have to do

10:25:51    10  today.  We've done it already, I believe, but I'll do it

11  again.  I'll refer all discovery matters to the magistrate

12  judge.

13          I will tell you upfront, gentlemen, the likelihood

14  that I will extend that fact discovery date is very, very

10:26:08    15  slim, very slim.  So two words:  One, start early, and the

16  second is prioritize.

17          MR. A. HOFELD:  Thank you.

18          THE COURT:  Get what you think you absolutely need to

19  get done first because I'm not going to extend that schedule.

10:26:21    20          MR. A. HOFELD:  Your Honor, will discovery be stayed

21  during -- because I anticipate a motion to dismiss.

22          THE COURT:  No.  No, no, no, absolutely not.

23          How much time do you want to file your response?

24          MR. KOWALCZYK:  I think counsel agreed to 30 days, if

10:26:35    25  we could have that, Your Honor?

1       THE COURT:  30 days, please, Kerwin.

2       THE CLERK:  After which date?

3       THE COURT:  From today.

4       THE CLERK:  From today, okay.  We can do that by June

10:26:55   5   27.

6       MR. KOWALCZYK:  Thank you, Your Honor.

7       THE COURT:  If a reply is necessary, 15 days after

8   that, Kerwin.

9       MR. A. HOFELD:  For response, Your Honor, for

10:27:13   10  plaintiffs' response?

11      THE COURT:  Yes.  I'm sorry.  That's okay.

12      THE CLERK:  That would be July the 8th.

13      THE COURT:  And reply in 10.

14      THE CLERK:  Okay.  July 20th.

10:27:45   15     THE COURT:  Okay.  I think we're done.  See you folks

16  back here in September.

17      MR. A. HOFELD:  Very good.  Thanks, Judge.

18      MR. MOWATT:  Thank you.

19      MR. KOWALCZYK:  Thank you.

10:27:52   20     THE COURT:  Have a good day.

21      (Proceedings concluded)

22                     C E R T I F I C A T E
        I, Jennifer S. Costales, do hereby certify that the
23  foregoing is a complete, true, and accurate transcript of the
    proceedings had in the above-entitled case before the
24  Honorable RONALD A. GUZMAN, one of the judges of said Court,
    at Chicago, Illinois, on May 25, 2022.
25
                              */s/ Jennifer Costales, CRR, RMR, CRC*