**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AARON BURDEN, ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | 22-cv-00046 |
| CITY OF CHICAGO, a municipal ) | |
| corporation; Officer ALBERT TORRES, ) | Honorable Judge Edmond E. Chang |
| Star #13067; Officer MOHAMMAD ) | |
| BAKER., Star #19740; Officer ANDREW ) | Honorable Magistrate Judge Young B. |
| KATS, Star #17577; Officer ANGELO ) | Kim |
| DICERA Star #14902; and J. DOE ) | |
| OFFICERS 1-5. ) | |
|     Defendants. ) | |
| ) | |

## DEFENDANT OFFICERS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS

Defendant Officers Albert Torres, Mohammad Baker, Andrew Kats, and Angelo Dicera ("Defendant Officers"), by and through one of their attorneys, Emily R. Bammel, Assistant Corporation Counsel for the City of Chicago, submit the following Reply in support of their Motion to Dismiss part of Plaintiff's Complaint (hereinafter "Motion"), and state as follows:

## PROCEDURAL BACKGROUND

Defendant Officers filed their Motion on June 6, 2022 seeking to dismiss Counts IV, V, VII, and VIII of Plaintiff's Amended Complaint (hereinafter "Complaint"), for failure to state a claim on the bases that his state law claims were time-barred, Defendants are not liable under the Illinois Tort Immunity Act, and that Plaintiff failed to adequately plead the following claims: an Equal Protection claim and failure to intervene. *See generally* ECF Dkt. 37 (hereinafter cited as "Motion"). Plaintiff's Response brief (hereinafter "Response"), briefly addresses the time-barred state claims and primarily focuses his attempts to establish his *prima facie* Equal Protection claim

1

(Count V), before minimally responding to Defendants' arguments on Plaintiff's insufficient failure to intervene claim. *See* ECF Dkt. 58 at 2-10 (hereinafter cited as "Response"). Defendant Officers reply to Plaintiff's Response's arguments below, in support of their Motion to dismiss.

### **ARGUMENT**

I. **The applicable standard of review is correctly stated by Defendants.**

Defendants properly stated the applicable standard of review— "When weighing a Rule 12(b)(6) motion, the court must accept all "factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *see also Ashcroft v. Iqbal*, 550 U.S. 544, 570 (2009). However, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555." *See* Motion, at 2.

Plaintiff's Response tries to lower his pleading standard and requests this Court to take his legal recitations and conclusions, deeming them sufficient to plausibly show a right to relief. *See* Response, at 3. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F. 3d 374, 378 (7th Cir. 2003); *see also Austin v. City of Chicago*, 2019 WL 4750279 at *4 (N.D. Ill. Sept. 30, 2019, J. Durkin). Thus, Defendants' Motion does not apply a higher standard as to Plaintiff's Complaint, but instead merely asks this Court to acknowledge that Plaintiff's numerous alleged legal conclusions are not separate, clear facts, that

2

could draw reasonable inferences of liability on behalf of the Defendant Officers for Counts IV, V, VII, and VIII to which he attempts to plead a right to relief.

II. **Plaintiff's state law claims, even if not time-barred as to Kats and Dicera, should still be dismissed.**

Because Plaintiff concedes that Counts VII and VIII do not constitute viable "continuing tort" claims and further acknowledges these claims are time-barred as to Defendants Baker and Torres, Defendants rely on their Motion and request this Court dismiss Counts VII and VIII with prejudice as to Defendants Baker and Torres. *See* Response at 2.

In admitting Plaintiff has not stated a viable "continuing tort" claim for Counts VII and VIII as to Defendants Kats and Dicera, Plaintiff requests these claims be dismissed without prejudice because standing alone as individual tort claims they are not time-barred. *See* Response at 2. Plaintiff did not plead an individual assault and battery claim nor intentional infliction of emotional distress—instead he pleading each of them as 'continuing torts' which he has admitted are not proper claims as plead. *See* ECF Dkt. 32 at Counts VI and V; *compared to* Response at 2. For this reason, Counts IV and V should also be dismissed as to Defendants Kats and Dicera.

Even if this Court did not rely on Plaintiff's admission of faulty claims, Counts IV and V as to Defendants Kats and Dicera should still be dismissed. Plaintiff failed to respond to Defendants' argument in their Motion that Defendants, Kats and Dicera are not be liable for these claims under the Illinois Tort Immunity Act. *See* Motion at 6-7. Failure to respond to an argument—as Plaintiff has done here—results in waiver. *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010); *see Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir.

3

2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted).

As the Seventh Circuit found in *Bonte*, this Court should accept Defendants' assertions—supported as they are by pertinent legal authority—that Plaintiff's claims against the Defendants fail and do not entitle him to relief. *Bonte*, 624 F.3d at 466-7. In the present case, Defendants' Motion argued that they cannot be held liable as public employees acting within the scope of their employment for injury caused by another. *See* Motion at 6-7, *citing to* 745 ILCS 10/2-204. Plaintiff's Response is silent as to this argument, thus he has waived any counter against it. *See generally* Response. Even so, while affirmative defenses such as this argument are usually premature at the 12(b)(6) dismissal stage because complaints do not have to anticipate them, (*Gomez v. Toledo,* 446 U.S. 635, 640 (1980)), such dismissal is appropriate where the deficiency is on the face of the complaint. *See U.S. v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2015). Because Plaintiff acknowledges he did not state a viable 'continuing tort" as to his state law claims as plead, and has waived a response to the Defendant Officers' immunity argument, the state law claims in Counts VII and VIII should be dismissed.

Therefore, Plaintiff's request to dismiss Counts VII and VIII *without* prejudice as to Defendants Kats and Dicera is still improper, thus, Defendant Officers request this Court grant

their motion and dismiss the state claims of Counts VII and VIII with prejudice as to Defendant Officers.

### III. Plaintiff's Response does not Save his Deficient Equal Protection Claim (Count IV).

Plaintiff asks the Court to deny Defendants' Motion as to his equal protection claim, arguing that he has set forth facts supporting that Defendant Officers discriminatorily profiled Plaintiff and that he has plead a "class of one." *See generally* Response at 3-9.

#### A. Plaintiff has not shown the Defendant Officers profiled Plaintiff.

In his Response, Plaintiff relies on various statics as to Chicago Police interactions alleging racial disparities. *See* Response, at 3-4. Plaintiff further includes statistics on "CPD officers" who stopped, searched, or subjected "Black individuals," taken from outside sources, non-party entities' research studies. *Id.* Nowhere in these studies, nor Plaintiff's Complaint or Response, is Plaintiff identified as being one of these individuals effected. *Id.* More significantly, the Defendant Officers are not indicated as the "CPD officers" referenced, thus they cannot be alleged to have engaged in the discriminatory conduct described by Plaintiff. An individual cannot be held liable in a § 1983 action unless he personally caused or participated in an alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (1983); *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998); *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

Plaintiff's Response further relies on these various statics to show that Plaintiff was treated different than similarly situated individuals, however, again, these are not facts applicable to the instances described by Plaintiff in his interactions with Defendant Officers. *See generally* Response, compared to Complaint [ECF Dkt. 32]. Plaintiff's reliance on statics used to show discriminatory profiling as in *Chavez* is not applicable to our case because *Chavez* utilized statics

5

that were collected and generated by the defendant party entity itself of their conduct. *See Chavez v. Ill. State Police,* 615 F.3d 612, 622 (7th Cir. 2001). Plaintiff's Response also relies on alleged facts that he was treated differently, however, he relies on examples of time-barred instances that are <u>not</u> by the Defendants Officers at issue. *See* Response at 5-6 (*citing to* Complaint at ¶¶19; 25). *Chavez* in fact affirms that statics alone do not prove discrimination, and their usefulness depends on the surrounding facts and circumstances. *Chavez,* 615 F.3d at 638 (internal citation omitted). *Chavez* included specific instances and individuals of the alleged discriminatory conduct that was done by the specific named defendants. *Id.* at 623-625. More specifically, *Chavez* utilized research conducted *by* the defendant law enforcement entity specific to a certain operation regarding drug related traffic stops. *Id.* at 621-626. There, Chavez was able to identify specific conduct by individual defendant officers that he alleged discriminated against him, as well as having an example of the same alleged discrimination by the same officers against another individual, Gregory Lee. *Id.* at 623-625. Here, Plaintiff does not have that—Plaintiff merely has *one alleged incident* with Defendants Torres and Baker and *one alleged incident* with Defendants Kats and Dicera. *See generally* ECF Dkt. 32. Plaintiff has not- and cannot, provide statistics or allegations of prior or additional instances against the Defendant Officers treating him differently. His broad conclusory allegations against "CPD officers" based on the statistics provided is not applicable to the Defendant Officers. Plaintiff's general allegations of "CPD officers" based on non-party entity research statics of "Black individuals" does not impute liability onto the Defendant Officers. Thus, Plaintiff has only provided statistics and that is not enough to justify his equal protection claim. *See Chavez*, 615 F.3d at 639-40.

      Defendants' reliance on *Chavez* and *Chriswell* do support their Motion, and not that of Plaintiff's equal protection claim. *Chriswell* supports dismissal of Plaintiff's equal protection claim

6

at this stage in the proceedings because his Complaint has failed to make adequate allegations of actions *by the Defendants Officers* that had a discriminatory effect. *Chriswell* reiterates that in order to be successful on a discriminatory effect basis (as Plaintiff pleads here in his Response), he must show that Plaintiff was treated differently than those similarly situated that were not in a protected class, and that conclusory allegations that one was racially profiled on their skin color is *not* enough to plausibly infer such discriminatory effect. *Chriswell v. Vill. Of Oak Lawn,* No. 11-cv-0547, 2013 WL 5903417, at *11, (N.D. Ill. 4 Nov. 2013)(internal citations omitted). While Plaintiff here did include statistic evidence, contrary to *Chriswell*, he wrongfully discounts the discriminatory motive element. *See* Response at 6. To state a claim for an equal protection violation, the plaintiff *must* allege the [*Defendants'*] challenged actions were *motivated* by a discriminatory purpose. *Chriswell,* 2013 WL 5903417, at *11 (*citing to Chavez,* 251 F.3d at 635-36) (emphasis added). Here, as to Plaintiff's May 28, 2020 incident regarding Defendants Baker and Torres, he summarily alleges "These officers' actions in singling out Mr. Burden using generalized allegations of "robberies in the area" evince policing based on discriminatory motive and intent. Among other things, White individuals in the area were not similarly profiled and harassed[,]" and as to the January 5, 2021 incident with Defendants Kats and Dicera, Plaintiff makes no allegations of their actions being motivated by a discriminatory purpose. ECF Dkt. 32 at ¶35 and ¶¶39-44, *respectively*. Applying *Chriswell,* Plaintiff's equal protection violation allegations are merely conclusory, and do *not* support a plausible inference of discrimination *by* the Defendant Officers.[1]

---

[1] It should be noted that Plaintiff's Response harps on Defendants' Motion seemingly attempting to hold Plaintiff to a higher standard of review, similarly to summary judgment standards, accusing Defendants' of confusing the issues. *See* Response at A; B-2. However, Plaintiff in support of his arguments cites and relies upon summary judgment cases. *See id.* at B-2, (*citing to Swearingen-El v. Cook Cnty. Sheriff's Dep't,* 416 F. Supp. 2d 612, 617 (N.D. Ill. 2006), *aff'd sub nom. Swearnigen-El v. Cook Cnty. Sheriff's Dep't,* 602 F.3d 852 (7th Cir. 2010); *Mehta v. Vill. of Bolingbrook*, 196 F. Supp. 3d 855, 863 (N.D. Ill. 2016)).

Thus, Count V should be dismissed.

### B. Plaintiff's single incidents with each Defendant Officers does not constitute a "class of one."

Plaintiff's Response does not combat his insufficient pleading as a class of one. Plaintiff "needs to show 'a series' of misconduct 'illegitimate on its face.'" *Knaus v. Town of Ledgeview*, 561 F. App'x 510, 515 (7th Cir. 2014). Plaintiff's reliance on *Geinosky* does not support his case, because the misconduct plead by Plaintiff is not *extreme* where it's "nearly impossible" to find a similarly situated comparison. *See* Response at 8, *citing to Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012)(emphasis added). In *Geinosky,* the plaintiff endured the issuance of 24 bogus tickets to his vehicle over the course of 14 months by the same Chicago police unit. *Geinosky*, 675 F.3d at 745-748. Most of the tickets were inconsistent with each other, going so far as alleging the car was in two different locations at the same time. *Id.* The court reasoned, the "extraordinary pattern of baseless tickets" amounted to a plausible class-of-one claim, particularly since "[r]eason and common sense provide no answer to why he was targeted that could be considered a legitimate exercise of police discretion." *Id*. at 748. In *Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013), the defendant, the current elected mayor, used his political position to engage in prolonged harassment against the plaintiff in an attempt to preclude plaintiff from performing home improvements. *Id.* at 783-785. Indeed, judges in this district have routinely declined allowing a class-of-one claim to proceed without an extensive history of harassing conduct. *See Turner v. City of Chicago, Ill.,* 2013 WL 4052607, at *4 (N.D. Ill. 2013)(Plaintiffs failed to plead class-of-one claim without alleging extensive conduct on behalf of the City); *Jarmuth v. City of Chicago*, 43 F. Supp. 3d 889, 894 (N.D. Ill. 2014)(Denial of single liquor license application not sufficient to show pattern of wrongful conduct).

The Seventh Circuit has warned against allowing single incidents pursuing as class of one claims as a distortion of the application of the equal protection clause is stating:

> Every time an actor commits a tort, he may be treating the victim differently than he frequently treats others, simply because tortious conduct is by nature a departure from some norm. Nonetheless, the purpose of entertaining a "class of one" equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case.

*McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004).

Further, Plaintiff's request to apply the holdings in *Austin v. Varga,* and *Muczynski,* do not support that he had sufficiently plead a class-of-one claim. Most significantly the Court in *Austin* not only dismissed the equal protection claim but found that even if the defendant officers' alleged conduct of witness statement coercion was unlawful, it did *not* support a class of one distinction because merely being denied *protections* of the law is not equivalent to being denied *equal* protection. *See Austin,* 2011 WL 3841826, at *4, (N.D. Ill. 2011)(emphasis in original). In our matter, Plaintiff heavily relies on his numerous stops and/or arrests by **other**, **unnamed** Chicago Police over a span of years (which are also time-barred), and relies on statics related to discrimination allegations of Black persons. *See generally* ECF Dkt. 32. As Plaintiff has done here, simply "alleging that other law-abiding persons were t subject to unlawful treatment" does not meet the discrimination requirement. *Austin,* 2011 WL 3841826, at *5. Applying *Muczynski* fares Plaintiff no better, where the Court stated one defendant's animus to the plaintiff, which he communicated to other defendants who then acted on such animus against the plaintiff, failed to state a claim for a class-of-one basis. *Muczynski v. Lieblick,* 769 F. Supp. 2d 1129, 1133-34 (N.D. Ill. 2011). Here, Plaintiff has failed to sufficiently identify or allege "vindictive action" by each of the Defendant Officers against him, in order to establish a "totally illegitimate anumis." *See id.* at 1134 (*citing to Hilton v. City f Wheeling,* 209 F.3d 1005, 1008 (7th Cir. 2000). Even further,

9

Muczynski's equal protection claim relied on the allegation that the officers to an extent conspired together against him, to single him out. *Id.*

Plaintiff has only presented one incident by Defendants Baker and Torres (May 28, 2020) and one incident with Defendants Kats and Dicera (January 5, 2021) and has made no allegations connecting the two, nor inference that either pair of Defendant Officers' knew of the others' interaction with Plaintiff, or based their actions thereon. *See generally* ECF Dkt. 32. Plaintiff has failed to allege facts regarding any Defendant Officer's allowing Plaintiff to proceed on an equal protection claim with the minimal facts alleged and an absence of repeated discriminatory treatment by the Defendant Officers, would seek to promote anyone and everyone who believes any interaction they have with law enforcement they contest to make an equal protection claim. This Court should not seek to distort an equal protection class-of-one claim to encompass all intentional tort actions by state actors. *See Muczynski,* 769 F. Supp. 2d at 1136.

Plaintiff has not sufficiently plead an equal protection claim on a class-of-one theory, thus Defendants' Motion should be granted as to this count and this claim should be dismissed.

## IV. **Plaintiff's Response does not save his Insufficient Failure to Intervene claim.**

Contrary to Plaintiff's Response, Defendants do not misapprehend Plaintiff's failure to intervene claim by only arguing Defendants could not have intervened at incidents they were not present. *See* ECF Dkt. 58 at 9. Even as to the incidents in which they were present, Plaintiff has failed to sufficiently plead a failure to intervene claim. Thus, Count V should be dismissed.

### A. **Plaintiff attempts to re-allege the facts, which is improper and still does not save this claim.**

Plaintiff's Response focuses solely on the arguments that the Defendant Officers stood by, failing to intervene with the excessive force used, only at the incidents in which they were present for—May 28, 2020 [Defendants Baker and Torres] and January 5, 2021 [Defendants Kats and

10

Dicera]. *Id.* at 9-10. In doing so, Plaintiff's Response attempts to add allegations in support of his argument, seemingly as new facts, which is improper. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012)("it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal.'")(internal citations omitted).

Plaintiff's Response states:

> On May 28, 2020, Officers Torres and Baker allegedly held Plaintiff on the street and placed him in handcuffs so tightly that his wrists bled, taking no action to remove or loosen them when he complained. (Am. Compl. ¶¶ 33-34.) Thereafter, one among Baker, Torres or three other unknown CPD officers punched Plaintiff in the ribs and verbally berated him. *Id.*

*See* ECF Dkt. 58 at 9. This is *not* what the Complaint alleges. Plaintiff's Complaint states as to the May 28, 2020 incident, "…Defendant Officers Torres and Baker proceeded to hold Mr. Burden on the street and place him in handcuffs so tightly that his wrists began to bleed. One Defendant Officer punched Mr. Burden in the ribs." ECF Dkt. 32 at ¶ 33. Plaintiff's Complaint alleges that Defendants Baker, Torres, Kats, and Dicera committed the actions of excessive force. *See* ECF Dkt. 32.

As alleged in Plaintiff's Complaint regarding January 5, 2021, "… Defendant Officers Kats, Dicera and J. Doe Officers swarmed Mr. Burden, violently grabbed him by the hair, and proceeded to handcuff him, slamming him onto the hood of a squad car. The Defendant Officers handcuffed Mr. Burden so tightly it broke the skin of his wrist." ECF Dkt. 32 at ¶40. In Plaintiff's Complaint, he *nowhere* alleges that only one or some of the Defendants engaged in the excessive force conduct alleged while others stood by, without action. *See generally id.* Instead, in his Response, Plaintiff puts forth a new factual allegation -- Officers Kats and Dicera, and one or more other unknown CPD officers, "violently grabbed [Plaintiff] by the hair … slam[ed] him onto the

11

hood of a squad car… [and] handcuffed [Plaintiff] so tightly it broke the skin of his wrist." ECF Dkt 58 at 9.

Plaintiff cannot now in his Response argue for the first time that "whomever among the four Officers attended one of these incidents and did not themselves commit the alleged acts of unlawful use of force, nevertheless "had reason to know" that a constitutional violation for excessive force was occurring" as it pertains to Defendants Baker and Torres for the May 28, 2020 incident, and to Defendants Kats and Dicera on January 5, 2021. ECF Dkt. 58 at 9-10. As Defendants' Motion argues, Defendants Baker and Torres could not have participated in the excessive force on May 28, 2020 as alleged against them, while also simultaneously failing to intervene; as well as applied to the circumstances of Defendants Kats and Dicera on the January 5, 2021 incident. *See* ECF Dkt. 37 at 14-15.

B. **Plaintiff's claim fails based on the legal standard.**

Plaintiff's Response proffers that Defendants' Motion exceeds what the law and Federal Rules require, which is also incorrect. *See* ECF Dkt. 58 at 10. Defendants' Motion includes the specifics as to the absence of timing and or location or proximity because those in fact are factors in determining whether there was a realistic opportunity to intervene. *See* ECF Dkt. 37 at 15; *see also Kirkwood v. DeLong,* 683 F.Supp.2d 823, 830 (N.D.Ind. 2010)(numerous factors to consider in determining whether a realistic opportunity to intervene exists, such as the length in time of excessive force, number of blows involved, and the positions of the bystander officers in relation to the altercation); *Laffoon v. City of Portage,* No. 2:09-cv-103, 2011WL2293331, at *10 (N.D.Ind. June 8, 2011). Courts have found there is no realistic opportunity to intervene when the excessive force actions at issue happens in seconds, or rapid succession. *See Lanigan,* 110 F.3d at 478 (affirming 12(b)(6) dismissal of failure to intervene where the allegations of a single poke and

12

push with a contemporaneous statement and noting the bystanding officer did not throw himself between the plaintiff's body and officer's finger to interrupt the poke); *see also Howard v. Ealing,* 876 F.Supp. 2d 1056, 1072-73 (N.D.Ind. 2012)(where one or two blows happen in quick succession or the incident only took seconds, there may not be an opportunity to intervene).

Plaintiff *has not* alleged facts that show any either Defendant Baker, Torres, Kats or Dicera had a realistic opportunity to intervene against any alleged excessive force as included in his Complaint. Based on Plaintiff's facts as alleged, "Defendant Officers *all* were present and failed to intervene" and "Defendant Officers *all* had a reasonable opportunity to intervene[.]" See ECF Dkt. 32 at ¶¶134, 135 (emphasis added). This in no way identifies who or when had an actual, realistic opportunity to intervene, but is a mere recitation of the elements of the claim.

As portrayed by Plaintiff, this interaction does not support a failure to intervene on behalf of the secondary officer. See *Thomas v. City of Fort Wayne,* 2008 WL 282348, at *8 (N.D.Ind. Jan. 31, 2008))(finding of no failure to intervene when officers' attention was on restraining the plaintiff rather than the officer accused of using excessive force). His Response merely cites to the law, indicating the elements of the claim- reason to know and realistic opportunity to intervene- which is conclusory alone and cannot state a viable claim or basis for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth."). Plaintiff cannot now add facts in his Response to fill that void. *See Agnew,* 683 F.3d at 348.

Thus, Plaintiff has not sufficiently plead a failure to intervene claim against the Defendant Officers and this Court should grant Defendant Officers' Motion to dismiss this claim.

**CONCLUSION**

For the foregoing reasons, the Defendant Officers respectfully request that this Court grant their Motion to Dismiss Counts IV, V, VII, and VIII as to Defendant Officers Albert Torres, Mohammad Baker, Andrew Kats, and Angelo Dicera, and any other relief deemed just and fair.

DATED: September 26, 2022                                    Respectfully submitted,

                                                                      BY:    */s/ Emily R. Bammel*
                                                                                  Emily R. Bammel
                                                                                   Assistant Corporation Counsel

Jessica L. Griff, Assistant Corporation Counsel Supervisor
Michael Bradtke, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312)744-3982
Emily.Bammel3@cityofchicago.org
Attorney No.: 6323600

## **CERTIFICATE OF SERVICE**

      I certify that on September 26, 2022, I served the foregoing upon all counsel of record by filing it using the Clerk's CM/ECF System.

*/s/ Emily R. Bammel*
Emily R. Bammel
