**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Aaron Burden, | ) | |
| | ) | Case No. 22 C 46 |
| Plaintiff, | ) | |
| | ) | Judge John Z. Lee |
| v. | ) | |
| | ) | Mag. Judge Beth W. Jantz |
| The City of Chicago, and Chicago Police Officers Albert Torres (#13067),Mohammad Baker(#19740), Andrew Kats (#17577), Angelo Dicera (#14902), and J. Doe Officers 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| AARON BURDEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 0054 |
| | ) | |
| vs. | ) | Judge Manish S. Shah |
| | ) | |
| Police Officers Darrell Maloy, Julian Morgan, Bernard McDevitt, Thomas Fennell, and Luke Opoka, | ) | Magistrate Judge Sunil R. Harjani |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR A FINDING OF RELATEDNESS AND FOR REASSIGNMENT AND CONSOLIDATION OF RELATED CASES**

Defendant Officers Darrell Maloy, Julian Morgan, Bernard McDevitt, Thomas Fennell, and Luke Opoka, (collectively "Defendants"), in 2023 CV 0054, by one of their attorneys, Emily R. Bammel, Assistant Corporation Counsel, pursuant to Fed. R. Civ. P. 42(a) and Rule 40.4 of the Local General Rules for the United States District Court for the Northern District of Illinois, respectfully move for a finding of relatedness and for reassignment and consolidation of the above

captioned case with, *Aaron Burden v. City of Chicago, et al,* 2022 CV 0046, (hereinafter "*Burden I"*), before Honorable Edmond Chang, as related cases for all litigation purposes. In support of its motion, Defendants state the following:

## I. Introduction

The above captioned case, 2023 CV 0054, was filed on January 4, 2023. ECF Dkt. 1. This matter is a civil rights action arising out of the alleged injury of plaintiff, Aaron Burden, for two instances with the named Chicago Police Defendants — (1) January 5, 2021 with Officers Darrell Maloy, Julian Morgan, and (2) March 21, 2021 with Officers Bernard McDevitt, Thomas Fennell, and Luke Opoka, (hereinafter "*Burden II"*). The initial Defendants' answer or responsive pleading is currently due February 8, 2023. *See* Fed.R. Civ. P. 12(a)(1)(A) [The first Defendants to be served were Morgan and McDevitt, on January 18, 2023, and the remaining Defendants were served on January 19, 2023, making their responsive pleading due the following day, February 9, 2023]. However, at the time of filing this matter, Plaintiff is currently in the midst of discovery under *Burden I*, which primarily alleges injuries resulting from the exact same instances on January 5, 2021 and March 21, 2021, that are subject of this matter. The same attorneys for Plaintiff have appearances filed for both cases, and filed each of the underlying Complaints. The undersigned counsel for Defendants in *Burden II* is also an attorney of record representing the individually named defendant officers in *Burden I.*

### a. The *Burden I* and *Burden II* cases and claims arise from the same events

i. January 5, 2021

In *Burden I*, Plaintiff alleges that Officers A. Dicera and A. Kats, along with two "unknown officers" violated his rights at a gas station when they unlawfully arrested him and used excessive force. Officers Dicera and Kats are named defendants in *Burden I,* represented by the undersigned

counsel. The two "unknown" officers are Officers Darrell Maloy and Julian Morgan, named defendants in this matter, *Burden II*, in which Plaintiff alleges they also violated Plaintiff's Fourth amendment rights through unlaw seizure and arrest in the gas station incident. *See* ECF Dkt. 1, at 2-3. Thus, both January 5, 2021 incidents in both lawsuits, are the same.

ii. March 21, 2021

As to the incident on March 21, 2021, in *Burden I*, Plaintiff alleged three J. Doe officers violated Plaintiff's constitutional rights on March 21, 2021, primarily alleging they unlawfully seized Plaintiff's property. *Burden II* named these officers as Defendants Bernard McDevitt, Thomas Fennell, and Luke Opoka, wherein Plaintiff also alleges they unlawfully seized his property on the same date. *See* ECF Dkt 1 at 8. Therefore, both lawsuits allege the same conduct by the same individuals in the same incident.

## II. Procedural background of *Burden I*

*Burden I*, was referred to Magistrate Judge Young Kim for discovery supervision by Honorable Judge Chang. The Court in *Burden I* further order that Plaintiff could proceed on discovery as to the "specific, individual-officer conduct at issue in this case, …" *See Burden v. City of Chicago, et al.*, 22cv46, ECF Dkt. 69 (Judge Chang). Through discovery on *Burden I*, Defendant City of Chicago (hereinafter "Defendant City"), disclosed and produced the identities of the three "J. Doe Officers" in the March 21, 2021 incident in the Defendants' Joint Rule 26(a) disclosures, on June 17, 2022, as Bernard McDevitt, Thomas Fennell, and Luke Opoka. These officers were again identified by Defendant City of Chicago in their Responses to Interrogatories to Plaintiff on August 19, 2022. Also, within the discovery process of *Burden I*, Defendant City identified and produced to Plaintiff on or about September 1, 2022 through a supplemental Response to Interrogatories to the City of Chicago, as Officers Darrell Maloy and Julian Morgan

as the "unknown officers" in the January 5, 2021 incident.

On Thursday September 1, 2022, the undersigned counsel for Defendant Officers and a counsel for Defendant City in *Burden I,* had a telephone conference with attorneys for Plaintiff regarding Plaintiff's request to extend the deadline to amend pleadings as it related to the record production in response to written discovery. Counsels for Defendants relayed their discovery responses had been produced with the information sought by Plaintiff for purposes of amending their pleading, thus Defendants were opposed to the requested extension. Thereafter, Plaintiff filed his Opposed Motion to Extend the Deadline to Amend Pleadings from September 1, 2022 to December 1, 2022, which was granted. *See Burden v. City of Chicago, et al.,* 22cv46, ECF Dkt. 61; 62.

Defendants' production of related records was produced to Plaintiff on September 15, 2022, again including records with the identities of the "unknown" officers from the January 5, 2021 incident and the J. Doe officers from the March 21, 2021 incident. Despite production of the records in *Burden I,* Plaintiff made no motions to amend the pleadings or join parties prior to the December 1, 2022 deadline, nor did he seek to extend the deadline for a second time to amend his pleadings. Instead, Plaintiff filed *Burden II* on January 4, 2023.

Plaintiff, instead of complying with Judge Chang's order in *Burden I,* ignored those deadlines to amend, and filed *Burden II,* before a different Court.

**III. The cases are related and should be consolidated**

It is clear that the two incidents in *Burden II,* January 5, 2021 and March 21, 2021 are the same two incidents seeking relief in *Burden I* for the dates of January 5, 2021 and March 21, 2021. Thus, *Burden II* contains the same plaintiff party, alleges misconduct by numerous of the same defendants, and seeks relief from two of the same encounters as *Burden I.* Accordingly, these two

cases present common questions of law and fact.

Under Fed. R. Civ. p. 42(a), cases may be consolidated when there exist common questions of law and fact, and when such consolidation will promote efficiency and will not delay the trial or prejudice any of the parties. *See Midwest Community Council v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983); *Magnavox v. APF Electronics, Inc.*, 496 F. Supp. 29, 32-33 (N.D. Ill. 1980). Here, consolidation will promote efficiency and expedite rather than delay these proceedings. Without consolidation, duplicative discovery will take place, with many of the witnesses sitting for two rather than one deposition, for example, all three of the "J. Doe Officer" were identified by name as Defenses witnesses in their Rule 26(a) disclosures, thus it would be probable that they would provide deposition testimony as witnesses to *Burden I,* as well as provide depositions as parties in *Burden II*. The same is applicable to the "unknown officers in *Burden I*, Defendants Maloy and Morgan, who would anticipate also being deposed as parties in *Burden II.*

Further, related discovery, in addition to depositions would be duplicative, because Plaintiff is alleging the same injuries, thus seeking the same forms of relief for exactly the same alleged damages in both lawsuits. Allowing Plaintiff to proceed in this manner would be the same logic and process as having Plaintiff proceed on to file four more lawsuits, one against each defendant officer, for the same, underlying incident. Plaintiff could then seek recovery multiple times for the same incident or injury alleged. That is not in the interest of judicial economy or justice.

In addition, this case should be reassigned to the calendar of the first filed related case of *Burden I,* in the Court before Honorable Chang because they meet all the conditions outlined in Local Rule 40.4.

a. Both cases are pending.

b. Consolidation of these cases will promote efficiency and prevent duplicative efforts by the Court, the parties, and all counsel involved, resulting in a substantial saving of judicial time and effort. In order to succeed on his claims, Plaintiff will have to seek the same discovery in both cases as discussed above. In turn, the individual defendants will seek virtually identical discovery from the plaintiff. Common supervision of such discovery will eliminate the need for various courts to consider the same discovery from each plaintiff. Common supervision of such discovery will eliminate the need for various courts to consider the same discovery problems and arguments more than once. *See Magnavox*, 496 F. Supp. at 33. Consolidation will avoid unnecessary duplication of these discovery matters and depositions and prevent undue burden on the parties and other deponents.

c. All defendants in *Burden I* have filed responsive pleadings, and the Defendant Officers in *Burden II* anticipate filing responsive pleadings shortly. Thus, a finding of relatedness would not delay the proceedings in either case.

The crux of all of Plaintiff's allegations in *Burden II* is that his injuries arose from actions by the individual police officer Defendants that interfered with his constitutional rights on January 5, 2021 and March 21, 2021. This is also the primary crux of Plaintiff's legal theory for relief sought in *Burden I*. Consolidation will avoid the need to relitigate these central issues during discovery and separate trials, risking conflicting outcomes. Judicial economy warrants trying the matter together.

In short, these two cases should be consolidated, so as to reduce duplication of efforts and avoid the potential for inconsistent rulings and findings on similar issues.

**IV. Plaintiff's separate Filing of *Burden II* was improper.**

Finally, Plaintiff's filing of *Burden II* is not only contradictory to judicial economy, but it

circumvents the Federal Rules of Civil Procedure as well as Judge Chang's orders. Under the Rules, Plaintiff is allotted one opportunity to amend as a matter of course prior to trial. Fed.R. Civ. P 15(a)(1). Plaintiff in fact did so. Any other amendments require written consent from the opposing party [which Defendants did not give], or with the Court's leave [which the Court did not grant as Plaintiff did not seek]. Fed. R. Civ. P. 15(a)(2). Further, Plaintiff did not properly join the named Defendants in this matter within *Burden I* pursuant to Rule 20. *See* Fed. R. Civ. P. 20. Based on Plaintiff's actions, without providing a good faith basis or explanation for their undue delay past the December 1, 2022 deadline imposed by Judge Chang, and presenting no good faith basis for doing so, Plaintiff circumvented the Rules, along with Judge Chang's order, and this case should be consolidated for further litigation purposes, and District Courts have great discretion on this matter of such issue. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

Under *Burden I,* Plaintiff would have to show good cause to move to amend his pleading again, as he already did once as a matter of course. *See* Fed. R. Civ. P. 15; 16(b)(4).

Plaintiff should also not be permitted to proceed with separate cases because cases have the same parties, claims, and cause of action. the doctrine of *res judicata* intends to bar claims in

which were or could have been litigated in the initial or previous lawsuit. *See Arrigo v. Link*, 836 F.3d 787, 798-99 (7th Cir. 2016) (*citing to Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). Even had Plaintiff request to amend and be denied, the filing of *Burden II* is subject for dismissal as a new, second suit for the same claims under *res judicata*. *See id.* This Circuit has noted that other circuits have held uniformly that this type of situation is applicable to *res judicata. Id.* (internal citations omitted). While *Burden II* is not the result *per se* of a denied motion to amend the pleadings in *Burden I*, it is the result of Plaintiff failing to abide by Court orders and instead, filing a second lawsuit with the same parties, claims, and causes of actions.

While the procedural steps are not as identical to cases such as *Arrigo*, *Palka*, or *Elmhurst Lincoln-Mercery*, similar judicial review and application should be applied for the purposes of judicial economy, streamlining and eliminating duplicative discovery between the cases, and fairness and justness to the parties as well as the Courts. *See Arrigo*, 836 F.3d at 799 ("Forcing defendant to litigate claims in two different lawsuits proceeding on different schedules would be even more prejudicial than permitting the untimely amendment.").

Counsel for Defendants have conferred with respective counsel for the Plaintiff, who relayed via email correspondence on February 6, 2023 that they do not currently have a position as to this request, and would determine after review of the motion.

WHEREFORE, Defendants respectfully request that this Court find these cases are related and recommend to the Executive Committee the reassignment and consolidation of the above-named case [2023 CV 0054], to the related case of *Burden v. City of Chicago, et al.*, 22 cv 0046, under the Court calendar for Judge Edmond E. Chang.

Respectfully Submitted,

By: *_/s/ Emily R. Bammel_*
Emily R. Bammel
Assistant Corporation Counsel
City of Chicago Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-3982
Attorney No. 6323600
***Attorney for Defendants***

**CERTIFICATE OF SERVICE**

I, Emily Bammel, an attorney, certify that I have caused the attached above to be delivered to all counsels and parties of record electronically on today's date by e-filing with the U.S. District Court for the Northern District of Illinois's Electronic Filing system on February 7, 2023.

*_/s/ Emily R. Bammel_*
Emily R. Bammel